Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/18/2021 08:09 AM CDT

- 733 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

ELETECH, INC., APPELLEE, V. CONVEYANCE CONSULTING
GROUP, INC., ET AL., APPELLANTS.

___ N.W.2d ___

Filed March 26, 2021.    No. S-19-787.

1. **Pretrial Procedure: Appeal and Error.** Generally, the control of dis-
covery is a matter for judicial discretion, and decisions regarding discov-
ery will be upheld on appeal in the absence of an abuse of discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a
trial court's decision is based upon reasons that are untenable or unrea-
sonable or if its action is clearly against justice or conscience, reason,
and evidence.
3. **Trial: Waiver: Appeal and Error.** The failure to make a timely objec-
tion waives the right to assert prejudicial error on appeal.
4. **Appeal and Error.** An appellate court will not consider an argument or
theory that is raised for the first time on appeal. Thus, when an issue
is raised for the first time in an appellate court, it will be disregarded
inasmuch as a lower court cannot commit error in resolving an issue
never presented and submitted to it for disposition.
5. **Trial: Waiver: Appeal and Error.** One may not waive an error, gamble
on a favorable result, and, upon obtaining an unfavorable result, assert
the previously waived error. For that reason, an issue not presented to or
decided on by the trial court is not an appropriate issue for consideration
on appeal.
6. **Rules of the Supreme Court: Attorney and Client.** Neb. Ct. R. of
Prof. Cond. § 3-501.16(b) allows a lawyer to withdraw from represent-
ing a client under certain circumstances.
7. **Rules of the Supreme Court: Pretrial Procedure.** Neb. Ct. R. Disc.
§ 6-337(a) allows a party to apply for an order compelling discovery
if a deponent provides an evasive or incomplete answer to discov-
ery requests.
8. **Rules of the Supreme Court: Attorney and Client: Notice.** Neb. Ct.
R. § 6-1510 provides that upon a motion for withdrawal and notice to

- 734 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

all counsel and the client involved, an attorney who has appeared of record in a case may be given leave to withdraw for good cause shown after filing with the clerk the motion, notice of hearing, and proof of service upon counsel and the client involved.

9. **Notice: Time.** Under Neb. Rev. Stat. § 25-910 (Reissue 2016), where notice of a motion is required, it must be served a reasonable time before the hearing.

10. **Rules of the Supreme Court: Pretrial Procedure.** A party's failure to answer properly served interrogatories or to seasonably supplement discovery responses may be grounds for sanctions imposed under Neb. Ct. R. Disc. § 6-337.

11. \_\_\_\_: \_\_\_\_. Sanctions under Neb. Ct. R. Disc. § 6-337 exist not only to punish those whose conduct warrants a sanction, but also to deter those, whether a litigant or counsel, who might be inclined or tempted to frustrate the discovery process by their ignorance, neglect, indifference, arrogance, or sharp practice adversely affecting a fair determination of a litigant's rights or liabilities.

12. **Rules of the Supreme Court: Pretrial Procedure: Appeal and Error.** An appropriate sanction under Neb. Ct. R. Disc. § 6-337 is determined in the factual context of a particular case and is initially left to the discretion of the trial court, whose ruling on a request for sanction or a sanction imposed will be upheld in the absence of an abuse of discretion.

13. **Rules of the Supreme Court: Pretrial Procedure.** In determining whether a sanction under Neb. Ct. R. Disc. § 6-337 is appropriate, relevant factors include the prejudice or unfair surprise suffered by the party seeking sanctions, the importance of the evidence which is the root of the misconduct, whether the court considered less drastic sanctions, the sanctioned party's history of discovery abuse, and whether the sanctioned party acted willfully or in bad faith.

14. \_\_\_\_: \_\_\_\_. Dismissal may be an appropriate sanction under Neb. Ct. R. Disc. § 6-337 for an inexcusably recalcitrant party.

Appeal from the District Court for Douglas County: Timothy P. Burns, Judge. Affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., and Jeff R. Dingwall, of Eight & Sand, for appellants.

Brian T. McKernan and Jay Koehn, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee.

- 735 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Funke, J.

Conveyance Consulting Group, Inc. (CCG); Jones Consulting Inc.; and Jonathan Jones (collectively appellants) appeal from an adverse $407,187.46 judgment entered by the district court. Eletech, Inc., filed a complaint against appellants, alleging that former Eletech vice president Jones engaged in self-dealing and interfered with business opportunities. As a discovery sanction, the court entered judgment in favor of Eletech and dismissed appellants' counterclaim. Appellants appeal.

## BACKGROUND

On October 7, 2016, Eletech filed a complaint in the district court for Douglas County against appellants, alleging Jones, as an officer and employee of Eletech, engaged in self-dealing and diverted corporate opportunities to CCG and Jones Consulting, companies which Jones formed while employed with Eletech. Eletech's complaint asserted seven causes of action, including (1) breach of duty of loyalty, (2) breach of fiduciary duty— usurping corporate opportunity and self-dealing, (3) tortious interference, (4) unjust enrichment, (5) deceptive acts and trade practices, (6) theft by deception, and (7) aiding and abetting. On November 18, appellants filed an answer and counterclaim. The counterclaim listed four causes of action: (1) breach of contract, (2) nonpayment of wages under the Nebraska Wage Payment and Collection Act, (3) quantum meruit, and (4) unjust enrichment.

On January 3, 2017, Eletech served appellants with requests for production of documents and interrogatories. On March 6, appellants served written responses to those interrogatories and requests for production of documents. In December 2017, the court entered a proposed scheduling order which set a deadline for fact discovery to be completed by June 1, 2018, and advised the parties they must be prepared for trial by August 3.

- 736 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

On May 16, 2018, appellants filed an amended and supplemental counterclaim which added causes of action of breach of fiduciary duty, conversion, and breach of oral contract. On May 29, the district court issued an amended scheduling order, ordering fact discovery to be completed by October 1 and dispositive pretrial motions to be filed by November 2. The order advised that the parties must be prepared for trial by December 3. Due to multiple scheduling conflicts, the pretrial conference was continued to August 27, and later to October 10.

On November 21, 2018, Eletech filed a motion to compel appellants to respond to particular interrogatories and requests for production of documents. On December 21, appellants' counsel moved for leave to withdraw. According to the motion, counsel made several attempts to remedy "the situation" and had given appellants reasonable warning that counsel would withdraw if the situation were not remedied. The motion also stated that neither appellants nor Eletech would be prejudiced if the motion were granted. The motion served appellants with a notice for hearing set for January 3, 2019.

Though not in our record, the court held a hearing concerning the motion to withdraw and the motion to compel on January 3, 2019. The next day, the court entered an order noting that all parties appeared and that an off-the-record discussion was held in chambers. The court then sustained the motion to withdraw and continued the motion to compel to January 17, to be held in conjunction with a status conference. The court ordered appellants to appear either personally or through new counsel. On January 17, appellants appeared, unrepresented, and verbally requested a continuance to allow them more time to secure new counsel. In response, the court continued the hearing on the motion to compel and the status hearing to February 14. The court advised Jones that he could represent himself in an individual capacity, but that he would need to secure counsel to represent CCG and Jones Consulting. The court also reminded the parties of the April 22 trial date.

- 737 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

On February 14, 2019, the court held a hearing on the motion to compel and a status hearing. Appellants failed to appear. As a result, on February 19, the court entered an order sustaining Eletech's motion to compel and ordered appellants to provide full and complete discovery responses within 10 days. Additionally, the court's order listed the specific interrogatories and discovery requests that needed full and complete answers/responses. In its order, the court admonished appellants that failure to comply with its order would result in sanctions, which could include an entry of liability against appellants and a dismissal of their counterclaim, with prejudice.

On March 28, 2019, Eletech filed a motion for sanctions, including a request for judgment and dismissal of the counterclaim, with prejudice. In its motion, Eletech alleged appellants failed to comply with the court's February 19 order to fully respond to outstanding discovery. The motion for sanctions was scheduled for hearing on April 10.

On April 10, 2019, Jones appeared, pro se, and requested a continuance for purposes of obtaining new counsel. Jones informed the court that he had not yet complied with the court's order to compel, but that he planned to. The court granted Jones' request for a continuance and reset the hearing on sanctions for May 9.

On May 9, 2019, the court held a hearing on the motion for sanctions. Appellants were represented at the hearing by new counsel, Rodney Gnuse. Gnuse informed the court that although his appearance was limited to the hearing, if the hearing did not result in a dismissal of the case, he would also help appellants in the preparation of supplemental discovery responses and in trying to persuade an attorney to represent appellants during the remainder of the proceedings. The court continued the hearing on the motion for sanctions for 60 days.

On July 8, 2019, Gnuse filed a motion for withdrawal as limited-representation counsel for appellants. Gnuse's motion stated that "[he] believe[d] that given the facts involved, [he] had] accomplished as much as [he could] for [appellants]

- 738 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

and [would] not be able to continue in even [his] limited representation of them."

On July 11, 2019, the court held a hearing on the motion to withdraw. Gnuse and counsel for Eletech appeared, but appellants did not. At the hearing, Gnuse explained to the court that he was able to secure a conditional offer from another attorney to represent appellants as long as appellants demonstrated their willingness to consistently cooperate and follow through with counsel regarding the case. However, according to Gnuse, Jones failed to cooperate with him, failed to answer telephone calls, and failed to show up for meetings. As a result, the attorney that Gnuse had arranged for appellants withdrew his offer to assist. The court granted Gnuse's motion to withdraw and then proceeded with the hearing on the motion for sanctions.

On July 15, 2019, the court granted Eletech's motion for sanctions and awarded Eletech judgment in the amount of $407,187.46. The court found that Jones was liable to Eletech for the entire judgment, that Jones Consulting was jointly and severally liable with Jones to Eletech in the amount of $213,435, and that CCG was jointly and severally liable with Jones to Eletech in the amount of $39,687.97. The court also ordered postjudgment interest at the rate of 4.573 percent. The court dismissed appellants' supplemental counterclaim, with prejudice.

Jones, as a self-represented litigant, filed this appeal on behalf of himself, CCG, and Jones Consulting. We note, however, that as a self-represented litigant, Jones could not file an appeal on behalf of CCG and Jones Consulting.[1] After the notice of appeal was filed, new counsel entered an appearance for Jones, CCG, and Jones Consulting. Jones filed a brief as an appellant, and CCG and Jones Consulting filed a nearly identical brief as "Cross-Appellees."

---

[1] See, Neb. Rev. Stat. § 7-101 (Reissue 2012); *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015).

- 739 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

## ASSIGNMENTS OF ERROR

Appellants assign, restated and consolidated, that the district court abused its discretion in (1) granting the withdrawal of appellants' first counsel of record without considering all relevant factors; (2) granting Eletech's motion to compel discovery after permitting appellants' first counsel to withdraw; (3) granting the withdrawal of appellants' second counsel of record without considering all relevant factors; and (4) dismissing appellants' counterclaim with prejudice as a sanction for failing to comply with the discovery order, without findings of willfulness and bad faith, a finding that appellants actually failed to comply with the discovery order, notice to appellants, and consideration of lesser sanctions.

## STANDARD OF REVIEW

[1,2] Generally, the control of discovery is a matter for judicial discretion, and decisions regarding discovery will be upheld on appeal in the absence of an abuse of discretion.[2] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[3]

## ANALYSIS

[3-5] We begin our analysis by reciting familiar propositions concerning an appellant's duty to raise objections before the trial court and the consequences of failing to do so. Our case law is clear that the failure to make a timely objection waives the right to assert prejudicial error on appeal.[4] An appellate court will not consider an argument or theory that is raised for the first time on appeal.[5] Thus, when an issue is raised

---

[2] *Yeransian v. Willkie Farr*, 305 Neb. 693, 942 N.W.2d 226 (2020); *Eddy v. Builders Supply Co.*, 304 Neb. 804, 937 N.W.2d 198 (2020).

[3] *Id.*

[4] *Ecker v. E & A Consulting Group*, 302 Neb. 578, 924 N.W.2d 671 (2019); *State v. Collins*, 281 Neb. 927, 799 N.W.2d 693 (2011).

[5] *State v. Kruse*, 303 Neb. 799, 931 N.W.2d 148 (2019); *First Express Servs. Group v. Easter*, 286 Neb. 912, 840 N.W.2d 465 (2013).

- 740 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition.[6] Further, we have repeatedly said that one may not waive an error, gamble on a favorable result, and, upon obtaining an unfavorable result, assert the previously waived error.[7] For that reason, an issue not presented to or decided on by the trial court is not an appropriate issue for consideration on appeal.[8]

## Withdrawal of First Counsel

Appellants argue that the court abused its discretion in allowing appellants' initial counsel to withdraw without considering relevant factors such as the pending motion to compel, whether counsel had given appellants notice of withdrawal, whether appellants had adequate time to secure new counsel, any delays that would be caused by such withdrawal, and whether any party would be prejudiced by the withdrawal. Eletech argues that appellants' failure to object to the motion to withdraw waives their arguments on appeal. Additionally, Eletech argues that granting the motion to withdraw was not an abuse of discretion.

[6] Neb. Ct. R. of Prof. Cond. § 3-501.16(b) allows a lawyer to withdraw from representing a client if

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> . . . .
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> . . . .
>
> (7) other good cause for withdrawal exists.

---

[6] *Ecker, supra* note 4; *First Express Servs. Group, supra* note 5; *Collins, supra* note 4.

[7] *Ecker, supra* note 4; *Collins, supra* note 4.

[8] *Id.*

- 741 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

Additionally, under § 3-501.16(c), a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.

As previously mentioned, the motion to withdraw of appellants' first counsel was filed on December 21, 2018. A notice of hearing was incorporated in the motion and set a hearing date for January 3, 2019. The motion and the notice were served upon all the parties, including appellants, by U.S. mail on December 21. Though we have no bill of exceptions from the hearing, the court's order indicates that all parties appeared and that the court sustained the motion.

Nothing in our record indicates that appellants argued before the district court that they were not given reasonable notice of the motion, that they objected to the motion, or that they would be prejudiced by the granting of the motion. Appellants' failure to make a timely objection to the motion to withdraw waived their right to assert prejudicial error on appeal.

Additionally, the record indicates that the court continued the pending motion to compel to allow appellants time to obtain new counsel. As such, based upon the record before us, the court did not abuse its discretion in granting the motion to withdraw.

This assignment of error is without merit.

## Motion to Compel

Appellants next argue that the district court abused its discretion in granting Eletech's motion to compel after it had permitted appellants' first counsel to withdraw. Additionally, appellants contend that Eletech waited too long to file its motion to compel, that Eletech failed to describe with reasonable specificity the information it sought to compel, and that the court failed to identify any failure of appellants in responding to discovery. Eletech again counters that appellants failed to raise these issues before the trial court and, as such, have waived their arguments on appeal.

- 742 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

[7] Under Neb. Ct. R. Disc. § 6-337(a),

[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

. . . .

(2) . . . If a deponent fails to answer a question propounded or submitted under Rule 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. . . .

(3) . . . For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.

Eletech's motion to compel was filed on November 21, 2018, and set forth the specific answers to interrogatories and responses to requests for production of documents that Eletech contended were incomplete and/or deficient. A notice of hearing was filed on November 28, setting the matter for hearing on January 3, 2019. The court continued the matter from January 3 to January 17. At that time, the court ordered appellants to appear personally or through new counsel.

On January 17, 2019, Jones appeared and verbally moved for a continuance of the motion to compel. The court granted the motion to continue and rescheduled the hearing on the motion to compel for February 14. The court also advised Jones that though he could represent himself in his individual capacity, CCG and Jones Consulting would need to secure counsel.

Though not in our record, it appears that a hearing on the motion to compel was held on February 14, 2019. On February 19, the district court entered an order granting the motion. In doing so, the court noted that appellants did not appear at

- 743 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

the hearing. Additionally, the court's order listed the specific interrogatories and requests for production that appellants needed to provide full and complete answers and responses to and ordered that appellants comply within 10 days. Lastly, the order stated that if appellants failed to comply with the order, appellants would be subject to sanctions, which could include a finding of liability against them on Eletech's claims and a dismissal of appellants' counterclaim.

Again, there is nothing in our record which indicates appellants argued to the district court that Eletech waited too long to file its motion to compel or that Eletech failed to describe with reasonable specificity the information it sought to compel. In fact, when Jones did appear on the motion to compel, he informed the court that he intended to provide the discovery but merely needed additional time to do so. As such, these alleged errors have been waived by appellants. An appellate court will not consider an issue on appeal that was not passed upon by the trial court.[9]

In regard to whether the court failed to identify any failure of appellants in responding to discovery, the record indicates that the court ordered appellants to provide complete and full responses to interrogatories Nos. 9 through 11, 13, 15 through 17, and 19, together with requests for production Nos. 1, 2, 4, 5, and 8 through 15, within 10 days. The court's order adequately informed appellants as to what additional discovery was being requested and provided appellants time to supply the additional discovery. Accordingly, the district court did not abuse its discretion in sustaining Eletech's motion to compel.

This assignment of error is without merit.

## Withdrawal of Second Counsel

Appellants also argue that the court abused its discretion when it allowed their second counsel, Gnuse, to withdraw from representation without considering relevant factors such as the pending motion for sanctions and whether Gnuse had

---

[9] *Siedlik v. Nissen*, 303 Neb. 784, 931 N.W.2d 439 (2019).

- 744 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

given proper notice of withdrawal. Eletech contends that these arguments have been waived by appellants' failure to raise them before the district court. Eletech also contends that appellants were not prejudiced by the court's order allowing Gnuse to withdraw.

As mentioned above, § 3-501.16(b)(5) of the rules of professional conduct allows a lawyer to withdraw from representing a client if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled.

The record shows that Gnuse's representation of appellants was limited to (1) representing them at the May 9, 2019, hearing; (2) assisting them in the preparation of supplemental discovery responses; and (3) attempting to persuade an attorney to represent them for the rest of the litigation proceedings. On July 8, Gnuse filed his motion to withdraw, in which he alleged that as much as he could, he had accomplished all of the limited representation he had agreed to with appellants. That same day, Gnuse mailed to appellants, by U.S. mail and by email, the motion and a notice of hearing setting the matter for July 11.

At the July 11, 2019, hearing, Gnuse informed the court that although he had prepared supplemental discovery answers, he did not feel comfortable signing them, because he had not had a chance to discuss them with Jones. Gnuse also indicated that he had difficulties communicating with Jones during the month of June 2019; that he could not get Jones to approve the supplemental discovery Gnuse had compiled; and that Jones would not be present at the hearing, because he was out of state on a business trip. Gnuse also informed the court that he had lined up a conditional offer from another attorney to represent appellants, contingent on Jones' showing initiative, cooperation, and followthrough in the case. However, this attorney withdrew his offer when Jones failed to answer telephone calls and failed to cooperate or be involved in the case.

- 745 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

[8,9] As to the issue of notice, Neb. Ct. R. § 6-1510 provides that upon a motion for withdrawal and notice to all counsel and the client involved, an attorney who has appeared of record in a case may be given leave to withdraw for good cause shown after filing with the clerk the motion, notice of hearing, and proof of service upon counsel and the client involved. Further, under Neb. Rev. Stat. § 25-910 (Reissue 2016), where notice of a motion is required, it must be served a reasonable time before the hearing.

Here, Gnuse filed his motion to withdraw and notice of hearing on July 8, 2019. That same day, Gnuse provided a copy of the motion and notice of hearing to appellants by email. Additionally, Gnuse set the motion for hearing at the same date and time as the previously scheduled motion for sanctions was to be heard. Nothing in our record indicates that appellants were not given notice of the hearing, nor do they argue on appeal that notice was not actually received. As a result, the court did not err in its determination of reasonable notice to appellants.

Appellants also contend that the court failed to consider the pending motion for sanctions before granting Gnuse's withdrawal. However, once again, that issue was not raised by appellants before the district court. As such, the argument has been waived. This assignment of error is without merit.

## Motion for Sanctions

Lastly, appellants argue that the court abused its discretion in granting Eletech's motion for sanctions and in dismissing appellants' counterclaim with prejudice as a sanction. Specifically, appellants contend that the court abused its discretion when it dismissed their counterclaim without finding that they acted willfully and in bad faith, failed to comply with the discovery order, were provided reasonable notice, and should not appropriately receive a lesser judgment. Eletech contends that due to appellants' repeated and unjustified failure to comply with the court's order to compel, the sanctions imposed by the court were not an abuse of discretion.

- 746 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

Section 6-337(b) of the discovery rules, regarding a failure
to comply with an order compelling discovery, provides:

(2) . . . If a party or an officer, director, or man-
aging agent of a party or a person designated under
Rule 30(b)(6) or 31(a) to testify on behalf of a party fails
to obey an order to provide or permit discovery, includ-
ing an order made under subdivision (a) of this rule or
Rule 35, the court in which the action is pending may
make such orders in regard to the failure as are just, and
among others the following:

(A) An order that the matters regarding which the order
was made or any other designated facts shall be taken to
be established for the purposes of the action in accord-
ance with the claim of the party obtaining the order;

. . . .

(C) An order striking out pleadings or parts thereof, or
staying further proceedings until the order is obeyed, or
dismissing the action or proceeding or any part thereof,
or rendering a judgment by default against the disobedi-
ent party.

[10-12] This court has previously held that a party's failure
to answer properly served interrogatories or to seasonably
supplement discovery responses may be grounds for sanctions
imposed under § 6-337.[10] In *Eddy v. Builders Supply Co.*,[11] we
explained that sanctions under § 6-337 exist not only to pun-
ish those whose conduct warrants a sanction, but also to deter
those, whether a litigant or counsel, who might be inclined or
tempted to frustrate the discovery process by their ignorance,
neglect, indifference, arrogance, or sharp practice adversely
affecting a fair determination of a litigant's rights or liabili-
ties. We also recognized that an appropriate sanction under
§ 6-337 is determined in the factual context of a particular case
and is initially left to the discretion of the trial court, whose

[10] *Eddy, supra* note 2.

[11] *Id.*

- 747 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

ruling on a request for sanction or a sanction imposed will be upheld in the absence of an abuse of discretion.[12]

[13,14] In determining whether a sanction under § 6-337 is appropriate, we have noted that relevant factors include the prejudice or unfair surprise suffered by the party seeking sanctions, the importance of the evidence which is the root of the misconduct, whether the court considered less drastic sanctions, the sanctioned party's history of discovery abuse, and whether the sanctioned party acted willfully or in bad faith.[13] Moreover, we have also said that dismissal may be an appropriate sanction under § 6-337 for an "'inexcusably recalcitrant'" party.[14]

The record before us indicates that Eletech's motion to compel was filed nearly 8 months prior to the entry of sanctions. During that period, the court held six hearings in which the issue of discovery was discussed. At several of the hearings, appellants assured the court that they would comply with the requested discovery but just needed more time. On three occasions, the court warned appellants that failure to comply with the requested discovery could result in sanctions, including the court's entering judgment against appellants and dismissing appellants' counterclaim. Additionally, it is clear that appellants were not responsive to their counsel, which caused unnecessary delays in complying with the court's order to compel. The district court's decision to grant the motion for sanctions and enter judgment against appellants was a direct result of appellants' failure to provide full and complete discovery responses over the course of nearly 5 months, even after multiple stern warnings from the court. The record indicates that appellants had become an inexcusably recalcitrant party. As a result, based upon the record before us, the court did not

---

[12] *Id.*

[13] *Hill v. Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016).

[14] *Id.* at 437, 879 N.W.2d at 374. See *Stanko v. Chaloupka*, 239 Neb. 101, 474 N.W.2d 470 (1991).

- 748 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
ELETECH, INC. v. CONVEYANCE CONSULTING GROUP
Cite as 308 Neb. 733

abuse its discretion in entering judgment against appellants and dismissing their counterclaims.

This assignment of error is without merit.

## CONCLUSION

Appellants' claims that the district court abused its discretion in granting motions to withdraw, a motion to compel, and a motion for sanctions were either waived or are without merit. As a result, the judgment of the district court is affirmed.

AFFIRMED.