IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
**(Memorandum Web Opinion)**

In re Guardianship & Conservatorship of Dietz

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

In re Guardianship and Conservatorship of Betty M. Dietz.
Jodi L. Horwart, Guardian and Conservator of Betty M. Dietz, a protected person, appellee,
v.
Timothy Dietz, appellant, and Tana Fye et al., appellees.

Filed October 21, 2025.   No. A-24-926.

Appeal from the County Court for Harlan County: Anne M. Paine, Judge. Affirmed.

Galen E. Stehlik, of Stehlik Law Firm, P.C., L.L.O., for appellant.

Jaclyn N. Daake, of Duncan, Walker, Schenker & Daake, P.C., L.L.O., for appellee.

Pirtle, Bishop, and Freeman, Judges.

Freeman, Judge.

### INTRODUCTION

Timothy Dietz appeals the order for appointment of a guardian and conservator for Betty M. Dietz entered by the county court for Harlan County. He argues that the county court erred in appointing Jodi L. Horwart as full guardian and conservator. For the reasons explained below, we affirm.

### BACKGROUND

Betty is a woman in her nineties who lived in a trailer in Orleans, Nebraska. She has seven living children who tend to be in a "complicated" relationship. The children split into two factions that "do not always see eye to eye." In late 2021, one of her sons, Timothy, began to live with her. Timothy was eventually appointed as Betty's attorney-in-fact under her durable power of attorney for financial purposes, but not for health care decisions. Using his authority under the power of attorney, Timothy comingled his funds with Betty's. He took out a credit card in Betty's name that

he used for some of his own expenses. One of the expenses included a 2011 Buick, which he claimed was for Betty, but was titled in his name. He also transferred one of Betty's properties to himself, claiming it was intended to go in a trust, but he did not know where the trust papers were. Timothy transferred additional properties to make sure Betty remained eligible for Medicaid.

Around February 2024, Jodi, Betty's daughter, visited Betty at her trailer. The trailer home did "not meet minimum standards of cleanliness or safety." Jodi found the trailer dirty and piled with items, making it difficult to walk through. It was old and had visible water pipes, a basketball sized hole in the bathroom that led to the outside, unsuitable bathrooms for Betty's limited mobility, cold air that came through the walls and windows, a distinct odor of smoke, and a fallen shelving unit that created a safety hazard. Betty was found thin and wearing dirty clothes with hair "dripping in grease." As a result of her visit and Timothy's requests for her to help, Jodi petitioned the county court to be appointed guardian and conservator for Betty.

The county court appointed Jodi as Betty's temporary guardian and conservator. Timothy opposed the guardianship and conservatorship for Betty, responding that it was not necessary. However, most of the other children were in support of Jodi being appointed as guardian and conservator of Betty. Despite the complicated family dynamics, Jodi appeared to be less involved in the dysfunction and had a better working relationship with most of her siblings. Betty said she would accept either Timothy's or Jodi's assistance. While Betty's temporary guardian and conservator, Jodi found her an appropriate living situation at a nursing home, took her to medical appointments, placed Betty on Medicaid, assisted in the upkeep of Betty's personal property, and handled Betty's finances.

After Jodi was appointed as temporary guardian and conservator, a disability report indicated that Betty required "help with decision making including medications, ADL's and basic hygiene." She needed "skilled care in regards to bathing, dressing, eating etc. [a]long with medication administration." Later, upon questioning, Betty was unable to list her own medications. And one witness, Diana Aldrich, who previously worked with Betty and lived near the trailer, did not believe that Betty was capable of handling her own finances.

Tana Fye was appointed as the guardian ad litem for Betty's case. She determined that Betty was incapacitated and required a full and permanent guardianship. In support of her recommendation, Fye stated that Betty had cognitive decline and was unable to drive or live alone. She found Betty was unable to make decisions regarding many areas of her life, including selecting a residence, arranging medical care, protecting her personal effects, giving necessary approvals, arranging for training and education, applying for governmental benefits, initiating legal proceedings, entering into contracts, and paying bills. Fye found that a power of attorney was insufficient to meet Betty's needs. She also questioned Timothy's power of attorney appointment because of Betty's decreased cognitive abilities near the time of appointment, and she believed that Timothy was engaged in self-dealing under the power of attorney. Fye recommended Jodi as Betty's guardian and conservator because of her actions in instigating the guardianship case and her capabilities in handling Betty's finances. Fye did not recommend Timothy remain authorized under Betty's power of attorney because of the poor conditions of the trailer and the comingling of his funds with Betty.

In November 2024, the county court held a hearing to determine whether a guardian and conservator should be appointed for Betty. The hearing began at 1:13 p.m. and lasted until 4:29

p.m. During the hearing, Timothy's attorney mentioned his need to "speed things up" and excused some witnesses "in light of the time."

On November 15, 2024, the county court ordered that Betty be placed under a full guardianship and conservatorship. The county court found that a full guardianship was the least restrictive alternative because of Betty's cognitive decline impairing her ability to make decisions in multiple areas of her life, such as to her residence, medical needs, and finances. The county court appointed Jodi as Betty's guardian and conservator because she provided care necessary for Betty's health and protection. The county court found that appointing Timothy as guardian and conservator would not be in Betty's best interest because Betty was living in poor conditions while in Timothy's care and Timothy comingled his assets with Betty. Timothy appeals.

## ASSIGNMENTS OF ERROR

Timothy argues, restated and restructured, that the county court erred in (1) appointing Jodi as Betty's guardian and conservator, (2) not finding the temporary conservator violated her duties, and (3) unfairly limiting the time set for hearing.

## STANDARD OF REVIEW

An appellate court reviews guardianship proceedings for error appearing on the record in the county court. *In re Guardianship of Tomas J.*, 318 Neb. 503, 18 N.W.3d 87 (2025). When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

*Jodi Appointed as Guardian and Conservator.*

Timothy argues that the county court erred in appointing Jodi as Betty's guardian and conservator. Specifically, Timothy argues that the county court failed to consider the least restrictive alternative for Betty's care, such as a power of attorney or limited guardianship, and failed to give proper weight to Betty's preference that the agent she appointed under her power of attorney be her guardian and conservator.

When determining whether to appoint a guardian,

The court may appoint a guardian if it is satisfied by clear and convincing evidence that the person for whom a guardian is sought is incapacitated and that the appointment is necessary or desirable as the least restrictive alternative available for providing continuing care or supervision of the person alleged to be incapacitated. If the court finds that a guardianship should be created, the guardianship shall be a limited guardianship unless the court finds by clear and convincing evidence that a full guardianship is necessary.

Neb. Rev. Stat. § 30-2620 (Reissue 2016). For the court to determine that a guardianship was not the least restrictive alternative available, the court would have to find that an agent under the power of attorney in his or her capacity was able to care for the ward. See *In re Guardianship of Mueller*, 23 Neb. App. 430, 872 N.W.2d 906 (2015).

When determining the appointment of a conservator,

Appointment of a conservator or other protective order may be made in relation to the estate and property affairs of a person if the court is satisfied by clear and convincing evidence that (i) the person is unable to manage his or her property and property affairs effectively for reasons such as mental illness, mental deficiency, physical illness or disability, . . . or lack of discretion in managing benefits received from public funds, . . . and (ii) the person has property which will be wasted or dissipated unless proper management is provided, or that funds are needed for the support, care, and welfare of the person or those entitled to be supported by him or her and that protection is necessary or desirable to obtain or provide funds.

Neb. Rev. Stat. § 30-2630(2) (Reissue 2016). A county court's ruling is made by clear and convincing evidence when the ruling comports with the law and the evidence accepted was competent to create a firm belief or conviction. See *In re Estate of Brionez*, 8 Neb. App. 913, 603 N.W.2d 688 (2000).

In determining who the guardian should be, Neb. Rev. Stat. § 30-2627 (Reissue 2016) states:

(a) Any competent person . . . may be appointed guardian of a person alleged to be incapacitated . . . .

(b) Persons . . . who exhibit the ability to exercise the powers to be assigned by the court have priority for appointment as guardian in the following order:

(1) . . . (i) A person nominated by the incapacitated person in a power of attorney or a durable power of attorney;

. . . .

(3) An adult child of the incapacitated person;

. . . .

(c) When appointing a guardian, the court shall take into consideration the expressed wishes of the allegedly incapacitated person. The court, acting in the best interest of the incapacitated person, may pass over a person having priority and appoint a person having lower priority or no priority.

Neb. Rev. Stat. § 30-2639 (Reissue 2016) has similar language when determining who the conservator should be.

Persons . . . who exhibit the ability to exercise the powers to be assigned by the court have priority for appointment as conservator in the following order:

(1) . . . (i) A person nominated by the protected person in a power of attorney or durable power of attorney;

. . . .

(5) An adult child of the protected person;

. . . .

When appointing a conservator, the court shall take into consideration the expressed wishes of the person to be protected. . . . The court, acting in the best interest of the protected person, may pass over a person having priority and appoint a person having lower priority or no priority.

The county court found that Betty required assistance in most areas of her life. Fye's report, the disability report, Aldrich's testimony, and Betty's own testimony indicated that Betty was unable to make decisions regarding her medical and financial needs. And there were concerns that Betty's property would be wasted or dissipated because Timothy transferred Betty's property to himself and used Betty's credit card for his own expenses, including a 2011 Buick.

Timothy's power of attorney appointment was only for financial purposes. Regardless of Timothy's conduct under the power of attorney, his appointment was insufficient to provide the full scope of care that Betty required. Due to her cognitive decline, Betty was unable to drive, live alone, manage her hygiene, pay her bills, or protect her estate. Therefore, it is reasonable for the county court to determine a limited guardianship is insufficient to meet Betty's needs.

Even though Timothy had priority as Betty's agent under the power of attorney, his appointment as guardian and conservator was not in Betty's best interests. First, as her agent under the power of attorney, Timothy left Betty in a poor living condition at an unclean and unsafe trailer home and failed to maintain her hygiene. Second, he comingled funds and engaged in self-dealing. In *In re Guardianship of Mueller*, 23 Neb. App. 430, 872 N.W.2d 906 (2015), we recognized it may be in a person's best interest to pass over someone with priority who is self-dealing. See also *In re Conservatorship of Anderson*, 262 Neb. 51, 628 N.W.2d 233 (2001) (finding it was in father's best interest to pass over priority of daughter who was making gifts to herself when appointing conservator). Similarly, Timothy was transferring Betty's property to himself and using her credit card for his own expenses, thereby benefiting himself rather than acting solely in Betty's interests.

Instead, Jodi found a safe place for Betty at a nursing home and maintained Betty's finances. She also appeared to be the best suited to handle the dysfunction within her family. As to her wishes, Betty testified that either Timothy or Jodi would be acceptable. Considering the best interests of Betty, the county court made a reasonable decision with competent evidence to appoint Jodi as a full guardian and conservator.

*Jodi's Conduct as Temporary Conservator.*

Timothy argues that Jodi did not comply with her duties as temporary conservator.

An appellate court will not consider an argument or theory that is raised for the first time on appeal. *Eletech, Inc. v. Conveyance Consulting Group, Inc.*, 308 Neb. 733, 956 N.W.2d 692 (2021). Thus, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Id.* For that reason, an issue not presented to or decided on by the trial court is not an appropriate issue for consideration on appeal. *Id.*

Though Jodi will eventually be required to account for her actions as temporary conservator to the court, her actions were not ripe for consideration at the hearing and will not be considered here. See Neb. Rev. Stat. § 30-2648 (Reissue 2016). The county court only reviewed Jodi's conduct as it related to who should be appointed as Betty's guardian and conservator. An appellate court, in reviewing a judgment of the county court for errors appearing on the record, will not substitute its factual findings for those of the county court where competent evidence supports those findings. See *In re Guardianship of Patrick W.*, 316 Neb. 381, 4 N.W.3d 833 (2024). As previously

discussed, there was competent evidence for the county court to find it was in Betty's best interests to appoint Jodi as guardian and conservator.

*Time Set for Hearing.*

Timothy argues that the county court abused its discretion in unfairly limiting the time set for the hearing.

A trial judge has broad discretion over the general conduct of a trial. *Malchow v. Doyle*, 275 Neb. 530, 748 N.W.2d 28 (2008). Trial courts must have a great deal of latitude in striking the balance between the court's calendar and a party's right to a fair chance to be heard. *State v. Schreiner*, 276 Neb. 393, 754 N.W.2d 742 (2008). Our case law is clear that the failure to make a timely objection waives the right to assert prejudicial error on appeal. *Eletech, Inc. v. Conveyance Consulting Group, Inc., supra.* Further, we have repeatedly said that one may not waive an error, gamble on a favorable result, and, upon obtaining an unfavorable result, assert the previously waived error. *Id.*

The county court had broad discretion in the length of time set for the hearing. In his brief, Timothy stated that the length of time set for hearing, due to the county court judge's schedule, was addressed off the record. However, no one objected to the length of time set for the hearing on the record. Instead, Timothy's attorney adjusted his strategy in choosing which witnesses he would call due to the time. The length of time set for the hearing was not timely objected to at the hearing and will not be addressed.

## CONCLUSION

We conclude that the county court's appointment of Jodi as full guardian and conservator conforms to the law and is supported by competent evidence. We affirm.

AFFIRMED.