JOHN T. MARCELL, APPELLEE, V. MIDLAND TITLE GUARANTEE & ABSTRACT COMPANY ET AL., APPELLANTS.

FILED JULY 7, 1924. No. 22876.

1. **Abstracts of Title: OMISSION OF LIEN: DAMAGES.** In an action by a purchaser of real estate against an abstract company for

Marcell v. Midland Title Guarantee & Abstract Co.

failure to note in the abstract the existence of an attachment lien, later confirmed by judgment, the measure of damages is the amount of said judgment, with interest and costs, together with any reasonable expense of plaintiff in attempting to defeat such lien.

2. **Damages.** In such case, the plaintiff may not permit the property to be sold and charge the abstract company with the increased expense made necessary in procuring title from the purchaser; it was his duty to reduce his damages as much as was reasonably possible.

APPEAL from the district court for Douglas county: CAR-ROLL O. STAUFFER, JUDGE. *Affirmed on condition.*

*McKenzie, Burton & Harris,* for appellants.

*Murphy & Winters, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD and THOMPSON, JJ., and REDICK, District Judge.

REDICK, District Judge.

This is an action brought by the plaintiff against the defendant abstract company and the sureties on its bond for the purpose of recovering damages occasioned plaintiff by the failure of the abstract company to note in its abstract the existence of an attachment lien. The facts as disclosed by the evidence are, substantially, that plaintiff purchased from one Lulu Headington eight lots, relying upon abstracts prepared and certified by the defendant abstract company; that the abstracts noted the pendency of a certain suit in the district court for Douglas county against plaintiff's vendor, but failed to show the issuance and levy of an attachment therein upon a portion of said lots; that after plaintiff had completed his purchase he discovered said attachment lien, and notified the abstract company that he would hold them responsible for any damages he might suffer in consequence thereof. Plaintiff lost the deed by which the lots had been conveyed to him before the same had been recorded, and, being unable to get in touch with the vendor and secure another deed, filed a petition of in-

tervention in the attachment suit by which he sought to defeat the claim of the plaintiff therein and to secure a decree quieting his title to the lots against the defendant, his vendor. February 2, 1920, judgment went for plaintiff in the attachment suit for $160 and costs, $30.40. In the same suit a decree on the petition of intervention quieting plaintiff's title was rendered July 3, 1920. Plaintiff expended $25 for costs in defending said attachment suit. An order of sale was issued under said attachment and a portion of plaintiff's lot sold for the sum of $210, of all of which proceedings plaintiff notified defendant abstract company in time to have prevented the sale. Plaintiff made no effort to pay the judgment or purchase the property at the sale, but permitted it to be sold to the plaintiff in the attachment suit, and after the sale was confirmed bought the lots from the purchaser at the sale, paying therefor the sum of $400, which he testifies was the lowest price at which he could secure the title. Upon the completion of the evidence in the court below, each party moved for a directed verdict, and thereupon the jury were discharged, and a finding and judgment rendered for the plaintiff for the sum of $473, and costs, made up of the following items: $400 paid by plaintiff to secure the title, $25 expenses, and interest on said sums. Defendant appeals.

A number of questions are discussed in the briefs, but the only one which we deem necessary to consider concerns the measure of damages. The general rule in this class of cases is that plaintiff is entitled to recover the amount of the incumbrance plus any reasonable expense to which he may have been subjected in removing it. *Chase v. Heaney,* 70 Ill. 268; *Morange v. Mix,* 44 N. Y. 315. But plaintiff claims that, by reason of the fact that defendant was notified of the entire proceedings, it was defendant's duty to remove the incumbrance and prevent the sale of the property, and that plaintiff was required to do nothing except to give notice to defendant as he did. We cannot agree with this proposition. It is a well-established rule in this state that, where there has been a breach of a contract by one

party resulting in loss to the other, it is the duty of such other party to take all reasonable steps to reduce the amount of his damages. *Uhlig v. Barnum,* 43 Neb. 584. The rule is the same in actions sounding in tort. 13 Cyc. 71. In the present case the plaintiff, at any time before confirmation of sale, might have paid the judgment and relieved his property of the lien, and we think it was his duty so to do. His failure to take this step was probably due to the fact that, owing to the loss of his deed, he had not yet procured title, but for this situation defendant was in no way responsible. The failure of the defendant to pay off the lien did not relieve the plaintiff from his duty in that regard and render the defendant liable for the increased loss which, in the event of the failure of plaintiff and the purchaser at the sale to agree upon terms, might have resulted in the loss of the property. The case at bar differs from *Security Abstract of Title Co. v. Longacre,* 56 Neb. 469, for in that case the property had been sold and sale confirmed before plaintiff discovered the existence of the lien. As was suggested in the opinion, at page 474, if the plaintiff had purchased the property under the prior mortgage and thus wiped out the attachment lien, it would have been an independent transaction of which the defendant could not claim the benefit. So here, the purchase of the outstanding title was an independent transaction with the expense of which, or the consequent loss to plaintiff, the defendant cannot be charged.

We are of the opinion that the rule of damages adopted by the district court was erroneous, and that the judgment is excessive to the extent of $228.36. The amount of plaintiff's recovery cannot exceed the amount of the judgment and costs plus $25 expense, or a total of $215.40, with interest thereon to the date of the judgment herein, to wit, $29.24, or a total of $244.64. Upon the filing in this court by the plaintiff, within 20 days, of a remittitur in the sum of $228.36, judgment will be affirmed for $244.64, with interest at 7 per cent. from January 9, 1922, and costs;

otherwise, judgment will be reversed and the cause remanded.

AFFIRMED ON CONDITION.

Note—See Abstract of Title, 1 C. J. p. 371, sec. 19; Damages, 17 C. J. p. 767, sec. 96.