CHARLES H. MARLEY, TRUSTEE, APPELLEE, V. M. H. McCAR-
THY ET AL., APPELLANTS.

FILED NOVEMBER 15, 1935. No. 29363.

*J. J. Harrington*, for appellants.

*Charles H. Marley* and *D. R. Mounts, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

PAINE, J.

This is an action to recover damages against an ab-
stracter and his bondsmen jointly for damages which the
plaintiff claims he sustained because of the negligence of
the abstracter in extending two abstracts covering the title
to the land upon which the plaintiff purchased a $5,000
mortgage.

The plaintiff alleges that he was appointed trustee under
the will of Rebekah S. Manderson, deceased, which estate
is being probated in Douglas county, Nebraska; that one of
his duties as the trustee of such estate was to invest certain
funds in his hands as trustee, and that in December, 1929,
he entered into negotiations with W. M. Rainbolt, who was
engaged in the mortgage loan business in Omaha, for the
purchase of a mortgage given by Clifford R. Fifer to said
Rainbolt in the sum of $5,000, which mortgage was dated
September 23, 1929, and filed for record October 25, 1929,
in book 146, page 17, of the mortgage records of Holt
county, Nebraska, on 320 acres of land in said county. Said
mortgage was represented to be a first lien upon said real

estate, with all taxes paid up to and including the year 1928. That the title of said land was shown in two abstracts of title, which had been extended and recertified by the Hammond Abstract Company up to September 28, 1926, at 11:00 a. m., and said two abstracts were sent to the defendant M. H. McCarthy, a bonded abstracter of Holt county, on October 23, 1929, with instructions to bring the same to date, which he did, and for which he was paid his charges therefor.

That in the one of said abstracts which covered the northeast quarter of section 1, township 32, range 15, the following entry was made by the said defendant M. H. McCarthy, as bonded abstracter: "Taxes paid up to and including the year 1928. Taxes for the year 1929 are $29.18. No judgments or suits pending. Reexamined and extended from September 28, 1926, at 11 a. m. to January 4, 1930, at 1 o'clock p. m.," which was duly signed, "M. H. McCarthy, Bonded Abstracter. Bond expires March 14, 1934." That in extending the abstract showing the title of the balance of the land covered by said mortgage, it was shown in a similar way that the taxes were paid up to and including the year 1928, and that the taxes for the year 1929 were $31.08, that there were no judgments or suits pending, and the same was reexamined and extended to the same time and date, and signed in the same way by the bonded abstracter.

Plaintiff relied upon such statements in the two abstracts as entered by the said defendant as a bonded abstracter, and on January 4, 1930, purchased said mortgage, paying therefor the sum of $5,000. That some time thereafter plaintiff discovered that the land covered by these abstracts had been sold on November 17, 1926, for the delinquent taxes for the years 1920 and 1921 to S. Y. Gillan & Company; that said tax sale certificate had been foreclosed, and the real estate sold to Paul H. Gillan on November 30, 1931, for the sum of $687.53, and that said sale had been confirmed by the district court for Holt county on December 8, 1931, and the sheriff had deeded the premises to said Paul H. Gillan, pur-

chaser, by deeds which were recorded in book 118 at pages 9 and 11 of the deed records of Holt county.

Plaintiff had no notice or knowledge thereof, and relied on the statements in said abstract as certified by the defendant McCarthy, and all information about said property having been sold for taxes was omitted from the abstracts because of the negligence and lack of due diligence in examining into and investigating the situation of said title, and all reference to the fact that the land had been sold for taxes on November 17, 1926, for the delinquent taxes for the years 1920 and 1921 was omitted in the extension of said abstract. That the plaintiff was compelled to and did pay to Paul H. Gillan on September 26, 1933, the sum of $526.65 for a quitclaim deed to said real estate; wherefore the plaintiff, because of such wrongful acts and neglect of due diligence on the part of the defendant Mc-Carthy, asks judgment in the sum of $526.65, with interest at 6 per cent.

The defendants, for answer to the allegations of the petition, allege that said abstracts had been previously examined and extended by the Hammond Abstract Company to September 28, 1926, and that the defendant McCarthy was employed only for the purpose of extending said abstract from said date to January 4, 1930, for which he charged only the sum of $7.50, and that, if he had made a full and complete examination of all records from the time the original patent received from the government was recorded, such full and complete abstract would have cost the sum of $27.50, and that the said defendant McCarthy did not guarantee the correctness of the abstract prior to September 28, 1926, and said McCarthy alleges that it was no part of his duty as a bonded abstracter to go back prior to the time that his examinations cover to ascertain whether there had been any unpaid taxes or other liens thereon, and asked that the action be dismissed. The reply thereto was a general denial.

On May 19, 1934, said cause was tried to the district court without a jury. The evidence was taken and the case

argued and submitted to the court. The court found the allegations of the petition to be true, and found that, while the plaintiff did not have the right to redeem from the tax sale issued for delinquent taxes for the years 1920 and 1921, yet he had a legal right to pay Paul H. Gillan for such quitclaim deed the sum of $846, which included the taxes, interest, costs and attorney's fees, and that the plaintiff is entitled to recover from the defendants the sum of $846 less the 1929 taxes, of which he had notice in the extension of the abstract, together with the proportionate share of interest, costs and attorney's fees on the taxes for said year, and therefore entered a judgment for the balance of $733.-66, with interest at 6 per cent. and costs.

Eight errors are set up in the brief and relied upon for reversal. Appellant charges that an abstract of title is used by the one who purchases the same and also by subsequent purchasers and mortgagees, and, therefore, an abstracter is held to a higher degree of care than was required of him at common law. 5 Neb. Law Bulletin, 466.

Nebraska requires that an abstracter give a bond of $10,000, to be furnished by a surety company or three sureties, all as set out in sections 76-601 to 76-603, inclusive, Comp. St. 1929, and this requirement has greatly increased the confidence that persons interested reposed in an abstract. "The right to use an abstract as evidence is not even limited to the person to whom it is issued. Any one may use it, and any one against whom it is employed may be injured in consequence of the certificate being false." *Gate City Abstract Co. v. Post,* 55 Neb. 742.

It may be admitted that an abstracter, in extending an abstract from September 28, 1926, at 11:00 a. m., to January 4, 1930, at 1:00 p. m., does not certify to or verify the accuracy of earlier entries in said abstract prior to the first date given. "Damages cannot be recovered against an abstracter which are not the result of his negligence or breach of duty." 1 C. J. 371.

In the case at bar, the land was sold for taxes on November 17, 1926, for the delinquent taxes for the years 1920

and 1921. This tax sale was made some six weeks after September 28, 1926, and clearly within the period covered in the extension certificate of the abstracter.

A tax certificate may ripen into a title superior to that of the owner, provided the land is not redeemed from the tax sale.

Abstracters are required to show each link in the chain of title, and one link adversely affecting the title is an outstanding valid tax sale, and a failure to note this on an abstract makes the maker of the abstract liable in damages to the person injured. *Marcell v. Midland Title Guarantee & Abstract Co.*, 112 Neb. 420; *Bridgeport Airport, Inc., v. Title Guaranty & Trust Co.*, 111 Conn. 537, 71 A. L. R. 345.

The amount of the recovery was based upon the amount paid by the plaintiff for a quitclaim deed to the purchaser under the tax foreclosure sale less the amount of the 1929 taxes, which were duly shown as unpaid by the abstracter upon his extension, together with the interest and proportionate share of the costs. The net amount remaining was entered as a judgment in the sum of $733.66. We have examined all errors set out and argued in the brief of appellant. Finding no error in the record, the judgment is hereby duly

AFFIRMED.