WILLIAM A. EHLERS, APPELLANT, v. CHURCH OF GOD IN
CHRIST, INC., ET AL., APPELLEES.

114 N. W. 2d 716

Filed April 20, 1962. No. 35168.

*William A. Ehlers,* for appellant.

*Eugene D. O'Sullivan, Jr.,* and *Samuel J. Hunter,* for
appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER,
BOSLAUGH, and BROWER, JJ.

BROWER, J.

This action was commenced on June 10, 1952, by
plaintiff and appellant William A. Ehlers filing his peti-
tion to foreclose a mortgage on the real estate of the de-
fendant and appellee Church of God in Christ, Inc., at
2318 North Twenty-sixth Street, Omaha, Nebraska.
England Halcomb, Howard Kinney, Earl Perkins, and
Rev. Booker T. McDaniels were joined as defendant-
trustees of the church, and individually.

Hereafter the defendant Church of God in Christ, Inc.,
will be designated as the church; and the other defend-
ants by their last names, except Kinney whose true
last name seems to be Kimsey, which will be used.

The allegations of plaintiff's petition as originally
filed state that the mortgage was given on November

21, 1951, by the church, acting through its trustees and duly qualified officers, the said Halcomb, Kimsey, Perkins, and McDaniels, to secure a note for the sum of $2,339, with 6 percent interest payable in monthly installments, drawing 9 percent after maturity; and that the note was given for a balance due for labor and materials furnished to construct, reconstruct, remodel, and repair the church building at the address hitherto given. The note and mortgage were given to Hoschel L. Wright who furnished the labor, pursuant to a written agreement attached to the petition, and the materials were furnished at the request of the church officers. The petition alleged that at a meeting called for that purpose the church, by its members and officers present, approved the claim of Wright and authorized its officers to execute the note and mortgage. It also pleaded an assignment of the note and mortgage from Wright to the plaintiff, and all claims under the contract. The prayer was for an accounting, and a decree of foreclosure and sale of the premises.

The church answered separately. The first paragraph of its answer contained a general denial and the second paragraph was as follows: "By way of further answer, the defendant, Church of God in Christ, Inc., alleges that the proported (sic) note and mortgage which are the basis of the plaintiff's law suit are null and void and of no legal force and effect in this case; that they were procured by fraud; that they were not procured with the consent of the membership of the Church, nor with the consent of the trustees of the Church; that there was no notice of any meeting to mortgage the Church property as required by law; that there was no meeting of the congregation at which the subject was discussed; that there never was a resolution ever presented to the congregation; that there was never a resolution passed by the congregation authorizing the mortgage of the property; that the persons that signed the note and mortgage had no right to do so."

A third paragraph merely stated the plaintiff was not a bona fide holder of the note and mortgage.

Plaintiff's reply was a general denial. The defendant Perkins was never served with summons. The defendants Halcomb and Kimsey made no defense.

A trial was had after which the court made findings by memorandum in the form of a letter addressed to the attorneys which however contained no order but which indicated that it would hold in favor of the church. Plaintiff thereupon moved to amend his petition which, after hearings had, was allowed. By separate amendments he then set out that the church, by Mabel M. Butler, Kimsey, and McDaniels, whose official status was unknown to the plaintiff, entered into the contract with Hoschel L. Wright attached to the original petition; that the church permitted Wright to perform the work, furnish the materials, accepted the building so erected, and used it; that it made partial payments thereon; and that it was liable on the contract in the sum of $2,469.75, and legal interest from March 1, 1961, in which amount he asked a money judgment therefor in case his mortgage, set out in the plaintiff's original petition, could not be sustained.

After these amendments a second memorandum in the form of a letter containing new findings was made by the court, but again no order was included.

Afterward the matter was again argued to the court before a different judge and, on August 29, 1961, the court rendered a judgment which adopted both of the findings previously made.

The court in its judgment held in favor of the church and dismissed the cause of action against it, but judgment was entered against Halcomb and Kimsey, and each of them, on the note in the amount of $4,350.54.

Plaintiff filed a motion for new trial as did the defendants Halcomb and Kimsey. The motions having been overruled the plaintiff has appealed to this court. Halcomb and Kimsey have not appealed.

The plaintiff assigns as error that the court's judgment is not responsive to valid pleadings and its findings and conclusions are contrary to the laws applicable to the case. The other assignments concern evidence which is not before the court.

A trial was had below but no bill of exceptions was filed in this court, and in such case this court has repeatedly held that: "In the absence of a bill of exceptions it is presumed that issues of fact presented by the pleadings are established by the evidence, that they were correctly decided, and the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment." Brierly v. Federated Finance Co., 168 Neb. 725, 97 N. W. 2d 253.

The plaintiff seems to be under the impression that all matters in the plaintiff's petition must be specifically denied by the defendant. However, in the case before us the answer contained a general denial. Therefore all the allegations of substance necessary for the plaintiff to prove to sustain his petition were denied.

Plaintiff alleged the execution and delivery of the note, mortgage, and contract by the church. They were matters which the plaintiff was required to prove to maintain his action against the church. In Alberts v. Pickard, 148 Neb. 764, 29 N. W. 2d 382, this court said: "When an answer to a petition consists of a general denial, the defendant may introduce such testimony as will tend to disprove the testimony of the plaintiff in support of his petition. For such purposes no other allegations in the answer are necessary." In the cited case a minor was the plaintiff in the action which was brought to recover triple damages for the sale of an automobile at a price over the ceiling set by federal statute. It was held that under a general denial it could be shown that someone else purchased the automobile. In the instant case any evidence tending to show the church did not execute the mortgage, note, or contract, or that they were executed by others without authority to

bind the church, would have been proper under the general denial.

The plaintiff asserts the second paragraph of the answer, which has been set out herein, contains matters which are mere conclusions of the pleader and do not set out the facts necessary to be pleaded to raise an issue thereon. In view of our conclusion that the general denial was sufficient to authorize the decision of the court and to sustain the findings of the court discussed herein, it is unnecessary to consider this feature further than they are mentioned later.

Though perhaps not necessary for the determination of the cause, the plaintiff raises certain objections to the findings of the trial court, claiming they are not authorized by the issues. He contends that the court erred by stating in one instance in the findings that the only question before the court was the right of the plaintiff to foreclose his mortgage against the church. An examination of the record reveals that this was one of those findings adopted before the amendment of the petition by the plaintiff and the subsequent findings of the court clearly show it considered the cause anew, including the questions of liability on the note and on the contract after the amendment. The finding complained of appears therefore to be but a tentative one adopted by the court before the final decision, all of which is clearly shown from the judgment taken as a whole. There is no merit therefore in the plaintiff's contention.

Plaintiff avers the court erred in including fraud in its findings, arguing that the allegation of fraud in the second paragraph of the answer is a mere conclusion and that fraud must be alleged and proved. He concludes that from the fact that fraud at one time was mentioned by the court that it was the basis for its decision. The court found that when the pastor signed the mortgage and certificate as to the action of the congregation required by section 21-838, R. R. S. 1943, but did not sign the note, he committed a fraud on the con-

gregation. There is no finding of fraud on the part of those in privity with the plaintiff. This appears to be a collateral matter. The finding of the court as to the fraud of the pastor was not necessary to its decision as shown by the judgment as a whole. The judgment makes it clear that the questions considered by the court were whether under the evidence it was shown that the church, or anyone authorized to act for it, entered into the contract or executed the note and mortgage. The court found no such proof was made and held only that the signers of the note were personally liable. Plaintiff claims the church accepted the benefits of the contract, ratified it, and should be liable thereon. This, of course, is also a matter of proof. The special findings were followed by further general findings of the court.

The plaintiff's brief contains a great many other allegations which he urges as reasons for reversal of the trial court's judgment. They involve questions of evidence before the trial court and in several instances plaintiff frankly discusses the evidence. No bill of exceptions is before us and we cannot consider the matters upon which the findings were made.

It follows that the judgment of the trial court must be affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.