WILLIAM A. EHLERS, APPELLANT, v. JAY A. POUND, SR., ET AL., APPELLEES.

126 N. W. 2d 893

Filed March 20, 1964. No. 35601.

William A. Ehlers, pro se.

Gross, Welch, Vinardi, Kauffman & Schatz, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action for damages brought by William A. Ehlers as plaintiff against Jay A. Pound, Sr., Jay A. Pound, Jr., and Massachusetts Bonding and Insurance Company. The defendants Jay A. Pound, Sr., and Jay A. Pound, Jr., are bonded abstracters. The Massachusetts Bonding and Insurance Company is the surety on their bond.

The trial court sustained the defendants' motion for summary judgment. The plaintiff's motion for new trial was overruled and he has appealed.

The amended and substituted petition alleged that the plaintiff entered into a contract to purchase from James Fruits and Mary Fruits the west 40 feet of Lots 13 and 14, Block 17, in Bedford Place, an addition to the city of Omaha, Nebraska; that as a part of the transaction James Fruits and Mary Fruits delivered to the plaintiff an abstract of title to the property certified to by the defendants Pound; that at entry No. 50 of the abstract of title, a mortgage in the amount of $2,000 to the Four C's Credit Union of Omaha, Nebraska, was shown as a valid lien on the premises; that the mortgage actually

described property in Block 7 in Bedford Place but that the abstract of title erroneously showed the mortgage to be a lien on the property in Block 17; that in reliance upon the abstract of title the plaintiff paid the sum of $2,675.42 to James Fruits and Mary Fruits; that in a subsequent action the mortgagee obtained a judgment of reformation against the plaintiff and the mortgage was adjudged to be a lien upon the property in Block 17; and that the plaintiff was damaged in the sum of $2,675.42 by reason of the negligence of the defendant abstracters.

The answer alleged that the plaintiff had actual knowledge of the mortgage on the property which he was purchasing; that the plaintiff paid $2,000 to James Fruits and Mary Fruits and directed them to pay the mortgage but that they failed to do so; and that the plaintiff was not damaged as the result of any error in the abstract of title.

A motion for summary judgment may be used to pierce the allegations of the pleadings and show conclusively that the controlling facts are otherwise than as alleged. Knoll v. Knoll, 173 Neb. 602, 114 N. W. 2d 40. Where there is no genuine issue of fact and the movant is entitled to judgment as a matter of law, a motion for summary judgment should be sustained. Arla Cattle Co. v. Knight, 174 Neb. 360, 118 N. W. 2d 1.

The judgment recites that the motion for summary judgment was heard upon the amended and substituted petition, the answer, and "Exhibits A, B and C offered and received in evidence without objection."

The evidence which was presented to the trial court at the hearing upon the motion for summary judgment was not preserved in a bill of exceptions. In the absence of a bill of exceptions it is presumed that issues of fact presented to the trial court were correctly decided and the only issue that is considered on appeal is the sufficiency of the pleadings to support the judg-

ment. Ehlers v. Church of God in Christ, Inc., 173 Neb. 670, 114 N. W. 2d 716.

An abstracter is liable for damages which are proximately caused by his negligence. Marley v. McCarthy, 129 Neb. 880, 263 N. W. 385. The pleadings in this case are sufficient to sustain the judgment upon the basis that the negligence of the defendant abstracters, if any, was not the proximate cause of any damages the plaintiff may have sustained.

The judgment of the district court is affirmed.

AFFIRMED.