IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


CHELLI V. BACA


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


MARLENE E. CHELLI, APPELLANT,

V.

BUFFY BACA ET AL, APPELLEES.


Filed January 25, 2022.    Nos. A-20-892, A-21-052.


Appeals from the District Court for Douglas County: JAMES T. GLEASON, Judge. Affirmed.

Marlene E. Chelli, pro se.

Thomas E. Horgan and Michael L. Moran, of Engles, Ketcham, Olson & Keith, P.C., for appellees.


MOORE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Marlene E. Chelli appeals from the Douglas County District Court's dismissal of her action against Legacy Primary School, LLC, and its owners/administrators, Buffy Baca and Kelly Pedersen (collectively the school). The district court dismissed Chelli's action with prejudice as a sanction for her noncompliance with the court's prior order directing Chelli to respond "fully and properly" to the school's discovery requests within 20 days. Finding no abuse of discretion, we affirm.

## II. BACKGROUND

### 1. DISTRICT COURT PROCEEDINGS

Chelli, pro se, filed an action in August 2019, individually and on behalf of her two minor children, in the district court against the school; an amended complaint was filed in December.

- 1 -

Chelli made numerous allegations, essentially claiming the school denied her access to her two children (approximately ages 10 and 11), denied her access to the children's school records and activities, denied her requests regarding medication for the children, and interfered with "the proper" education of the children and their relationship with her. She claimed the school frustrated her rights as a parent and publicly attempted to humiliate her and demean her in the presence of her children. She alleged that such actions by the school violated various constitutional rights. Chelli requested a variety of relief, including various findings against the school; tuition reimbursement; payment for tutors, therapists, physicians, and speech specialists as needed; suspending Baca's and Pedersen's licenses; costs of the action; providing to Chelli the children's educational and medical records in the school's possession; and to "stop denigrating the character of the Plaintiffs, to stop stalking, harassing and interfering with the Plaintiff['s] civil rights as a mother and US citizen in with [sic] the relation to her minor children and also to stop interfering with her minor children['s] education[al] rights, medical rights and their rights in general and their relationship with their mother."

In an answer filed in January 2020, the school denied Chelli's allegations, and also pointed out that the children's father had sole legal and physical custody of the children and had final authority on matters concerning the children's education pursuant to a Douglas County District Court order. The school also affirmatively stated that due to Chelli's behavior, such as "losing control, outbursts of temper and threatening behavior towards members of the staff of Legacy School, [Chelli] has been issued a ban and bar letter, from the private property of the Legacy School." The school requested that Chelli's amended complaint be dismissed because it was frivolous and made in bad faith pursuant to Neb. Rev. Stat. § 25-824 (Reissue 2016).

A scheduling order was entered by the district court on May 15, 2020. It directed that discovery be completed by August 10, and that by September 9, depositions were to be completed and the parties were to be ready for trial. The order further indicated that a status conference would be scheduled by the court prior to setting a trial date.

On August 6, 2020, the school filed a motion for a protective order indicating that "in the course of discovery" the school anticipated that confidential information would be requested and produced, including documents that would contain private or personally identifiable information related to minor children, and that "a protective order is in the interests of justice." A notice of hearing was included with the motion setting the matter to be heard on August 11 at 11:30 a.m. On August 7, Chelli filed a document titled "Plaintiff's Objections," which objected to answering "the late request of discovery" made by the school on August 4 which she received on August 7; these included the school's interrogatories, request for production of documents, and request for admissions. She also objected to any continuance regarding discovery and to the issuance of any protective orders.

On August 11, 2020, at 10:09 a.m., just prior to the hearing scheduled on the school's motion for protective order, Chelli filed via facsimile a "Motion for further expedite reliefs, Protective orders in Plaintiff's favor and AFFIDAVIT in support of Plaintiff's request, complaints, and objections." In that document, Chelli represented that there was a pending paternity case in Douglas County and that "these matters are private." She reiterated her complaints about the school and indicated she had served interrogatories and requested production of documents from the school on July 9 and "they refused to answer or produce important documents for me like my

minor children['s] educational records to this present day." She also alleged that the school's "request for discoveries was very late" and there was "no time left for [her to] properly review or answer the documents," and that it would take her "lots of extra time out of work" and "lots of extra time and money." No notice of hearing was included with Chelli's motion.

The school's motion for a protective order was taken up at the hearing scheduled on August 11, 2020. The school argued that there was "personally-identifying information" regarding Chelli's children which the school wanted to protect. The school pointed out that the children's father had "sole custody" and the father did not want "any of this information leaving this litigation." The court asked Chelli about the status of the children's custody and indicated it needed to review that court file; the hearing was then continued.

On August 24, 2020, the school filed a "Motion to Compel," in which it represented that discovery requests were served on Chelli on August 4 and on August 7 Chelli "served boilerplate, meritless, and nonsensical objections to [the school's] discovery requests and improperly filed these objections with the Court." The school further represented that on August 11, it sent a "good faith discovery letter" to Chelli "requesting clarifications, supplements, and reasonings for [her] meritless objections." No response to that letter had been received from Chelli. The school added that Chelli had "refused to proffer any reasoning for the withholding of documentation and information requested by [the school], provide any rationalization for objections to [the school's] discovery requests, and/or comply with the Nebraska Rules of Discovery." The school asked the court to enter an order compelling Chelli "to fully and properly respond" to its discovery requests. A "Notice of Hearing" was included in the motion indicating the matter would be heard on August 25 at 1:30 p.m.

On August 25, 2020, at 11:32 a.m., a couple hours before the scheduled hearing on the school's motion to compel, Chelli filed a "Motion to Compel and Supporting Affidavit and Objections." Chelli represented that she served discovery on the school on July 9, and that on August 6, the school responded with "their objections and their refusal to answer and produce documents that legally belongs [sic] to the Plaintiffs." Chelli further claimed that on August 24, she had served the school with her objections and answers to their requests, and that the school was "requesting documents under their possession . . . and requesting information and documents they are fully aware of and information and documents in violation of privacy laws." Chelli requested an order compelling the school to comply with her discovery requests. There was no notice of hearing included with Chelli's motion.

On August 25, 2020, at 1:30 p.m., the district court indicated they were "going to pick up where we left off" at the previous hearing. It noted Chelli's motion for expedited relief and the school's request for a protective order; the school indicated there was also a motion pending (not in our record) seeking to continue discovery deadlines because the school's prior counsel had withdrawn "about a month ago." The court stated it had reviewed the "whole file" of the proceedings in Douglas County case No. CI 14-130, and it concluded that the modification order entered in that case on May 8, 2018, prevented the present action from being prosecuted by Chelli on behalf of the minor children. However, the court added that Chelli "has a cause of action or at least a colorable claim against the school for information relating to her children. So we're going to proceed on that basis." The court confirmed with Chelli that she would keep any responses to her requests for discovery confidential, and then indicated it would issue the protective order

requested by the school. The court then asked Chelli, "Why are you here?" Chelli responded, "Because [the school is] refusing to give me those documents." The court asked why Chelli was not addressing this in "the other lawsuit," and Chelli responded, "Because the other judge says you're going to deal with this lawsuit." The court stated that it was going to confer with the other judge, "and if appropriate" would ask the other judge "to take this case and deal with it all. It's the same thing." The court added:

> I read the other file. I know what's going on in the other file and I don't like the way things are being done. I'm not going to be a party to it and make a mess of your children's lives because you're dealing with issues relating to your children between two different judges who are looking at different things. I'm not going to do that.
>
> . . . .
>
> I'm going to conclude this hearing now. You may anticipate, after I've conferred with [the other judge], this matter will be consolidated with the pending paternity action before [the other judge] and all issues relating to evidence relating to the children which may come from the school will be dealt with by [the other judge], not by me. No end-runs here.

On September 1, 2020, the district court entered an order granting the school's motion to compel and ordering Chelli to "fully and properly" respond to the school's discovery within 20 days. Also on September 1, the court entered a separate order referring to the "Order of Modification" issued in Douglas County case No. CI 14-130 on May 8, 2018, which granted sole legal and physical custody of the minor children at issue to their father. The September 1, 2020, order concluded that Chelli lacked standing to sue on behalf of the children and dismissed any claims brought on their behalf. Finally, on September 1, another order was entered granting the school's motion to continue trial "in its entirety and all trial and pretrial deadlines shall be continued" for 120 days from entry of the order. The court also entered a protective order on September 22 as discussed during the August hearings.

On September 25, 2020, the school filed a "Motion for Sanctions" pursuant to Neb. Ct. R. Disc. § 6-337 (rev. 2008), requesting an order for dismissal and for sanctions against Chelli for failure to comply with the district court's order entered on September 1 related to discovery.

This court's records indicate that Chelli filed a notice of appeal on October 1, 2020, attempting to appeal from the September 1 orders noted above. That appeal was docketed at case No. A-20-718 and a transcript was filed. The school subsequently filed a motion to dismiss for lack of jurisdiction.

On November 10, 2020, the school filed a motion for summary judgment. On December 2, Chelli filed a document entitled, "Objections and Motion for a Heraing [sic] Pending Appeal to Refute Defendant Statements." The document indicated that Chelli wanted "a hearing date pending appeal to clarify and to refute [the school's] statements." Chelli alleged that the school never informed her of any "post orders or post hearing interactions with the trial court now currently on appeal," and that the school was "violating [her] constitutional rights."

On November 23, 2020, this court dismissed Chelli's appeal filed at case No. A-20-718 for lack of jurisdiction due to there being no final, appealable order.

On December 17, 2020, a hearing before the district court took place on the school's motion for summary judgment and motion for sanctions. The court suggested the school begin with the motion for sanctions. Four exhibits were offered by the school, which were alleged to be the same exhibits marked A through D at a previous hearing which took place on October 9; the bill of exceptions for that hearing is not contained in the record before this court. The court directed that those exhibits be remarked numerically rather than alphabetically. We note, however, that although the school indicated that exhibit 1 was "the notice of serving defendants' discovery to Ms. Chelli," that is not what is contained in the bill of exceptions as exhibit 1. Rather, exhibit 1 is a copy of Chelli's amended complaint. Exhibit 2 is the school's answer, exhibit 3 is Baca's affidavit, and exhibit 4 is a copy of the modification order from case No. CI 14-130. The school claimed that at the previous hearing it had provided binders with the same exhibits to both the court and Chelli. Chelli objected, saying she had not received those documents previously. The objection was overruled and exhibits "1 through 5 [sic]" were received, but as noted, it does not appear that the exhibits, presumably related to discovery matters, were placed into the record submitted to this court. Chelli offered exhibits 6, 9, and 10, which were received; they consisted of a fax cover sheet and two separate notices for status conferences scheduled before the court. Exhibits 7 and 8 were not received; these included email communications between Chelli and the school regarding matters related to the children. The school objected on the basis that the exhibits were outside the scope of the motion for sanctions. The court reminded Chelli that they were addressing only the motion for sanctions, which related only to whether she "answered accurately discovery issues, matters, discovery requests," and indicated that the exhibits offered by the school "show the requests and [Chelli's] responses." We again note, there are no exhibits contained in the record before this court which relate specifically to discovery matters.

The court asked the school what sanctions it was requesting. The school requested a sanction "in the amount of $25 per interrogatory, request for production of documents and request for admissions to Ms. Chelli, as we have not received them. And what has been received is completely meritless objections." In response, the court stated:

> You're asking for too little. It is the Court's view that, one, this action is completely frivolous; two, the failure to respond appropriately is totally unacceptable, and the sanction of the Court is to dismiss this action with prejudice. [Attorney for school], prepare an order to that effect.

Everyone was then excused by the court.

The district court entered an order the next day, December 18, 2020. Citing to *Eddy v. Builders Supply Co.*, 304 Neb. 804, 817, 937 N.W.2d 198, 209 (2020), the court pointed out that appropriate sanctions for failure to comply with proper discovery rests with the discretion of the trial court, and that sanctions exist "not only to punish those whose conduct warrants a sanction but to deter those, whether a litigant or counsel, who might be inclined or tempted to frustrate the discovery process by their ignorance, neglect, indifference, arrogance, or, much worse, sharp practice adversely affecting a fair determination of a litigant's rights or liabilities." The court's order stated that Chelli's action was "entirely and without question frivolous." Further, Chelli "repeatedly ignored, disregarded, and neglected to abide by" the discovery rules and the court's orders. The court indicated it had provided Chelli "significant leeway" to prosecute the case in

accordance with its orders and Nebraska law, but she had "failed to do so." The court dismissed the action with prejudice.

### 2. APPEALS FROM DECEMBER 18, 2020, ORDER

Chelli, pro se, appealed twice from the December 18, 2020, order dismissing her case. This resulted in appeals filed in this court as cases Nos. A-20-892 and A-21-052; this court consolidated the two appeals for purposes of briefing and disposition. In case No. A-20-892, Chelli's notice of appeal was filed in the district court on December 17, 2020, which was the day the district court orally pronounced its decision dismissing the case; the written order was not entered until the next day on December 18. Pursuant to Neb. Rev. Stat. § 25-1912(2) (Cum. Supp. 2020), "A notice of appeal . . . filed . . . after the announcement of a decision or final order but before entry of the judgment, decree, or final order shall be treated as filed . . . after the entry of the judgment, decree, or final order and on the date of entry." Accordingly, we treat Chelli's notice of appeal in case No. A-20-892 as being timely filed on December 18, 2020.

In case No. A-21-052, Chelli's notice of appeal was filed in the district court on January 19, 2021. Neb. Ct. R. App. P. § 2-101(C) (rev. 2021) states that multiple appeals from the same case are prohibited and once the first notice of appeal is filed, "any attempt to appeal thereafter made by any party to the action shall be filed in the existing case and not separately docketed." It is unclear why the second appeal was separately docketed. Nevertheless, since 30 days following the final order fell on Sunday, January 17, 2021, and Monday, January 18, was a holiday, Chelli's second notice of appeal was also timely. As noted, the two appeals have been consolidated.

### III. ASSIGNMENTS OF ERROR

Chelli's "Assigment [sic] of Errors" is placed in the table of contents of her brief. Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2014) requires that an appellant's brief contain specific sections, which are to be placed "under the appropriate headings, and in the order indicated." Assignments of error are to be located after the statement of the case and preceding the propositions of law. See *id*. Therefore, Chelli's placement of her assigned errors in her brief's table of contents is not compliant with appellate court rules. Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. *Great Northern Ins. Co. v. Transit Auth. of Omaha*, 308 Neb. 916, 958 N.W.2d 378 (2021). The assignments of error section is one of the most critical sections of an appellant's or cross-appellant's brief. *Id*. It gives the opposing party notice of what alleged errors to respond to and advises the appellate court of what allegations of error by the trial court it has been called upon to address. *Id*.

Although Chelli placed her assigned errors section in the wrong order in her brief, she nevertheless included a separate section entitled "Assigment [sic] of Errors," under which she lists 10 errors allegedly made by the district court. We find this separate list of errors to have sufficiently provided the school notice of what alleged errors to respond to and informs this court as to what alleged errors by the district court we are being asked to address.

Chelli assigns, consolidated and restated, that the district court erred by (1) dismissing the children as plaintiffs; (2) granting the school's motion to compel discovery without giving her an opportunity to be heard and present her case; (3) disregarding her motion to compel, and not

sanctioning the school for its failure and refusal to provide responses to her discovery; (4) granting the school's motion to continue discovery deadlines and disregarding her objections without giving her an opportunity to be heard; (5) issuing a protective order; (6) dismissing the case while an appeal was pending; and (7) dismissing her case with prejudice. She also claims she was not provided a copy of the bill of exceptions to properly prepare her brief.

## IV. STANDARD OF REVIEW

Generally, the control of discovery is a matter of judicial discretion, and decisions regarding discovery will be upheld on appeal in the absence of an abuse of discretion. *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017). Similarly, appellate review of a district court's use of inherent power is for an abuse of discretion. *Id*. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

## V. ANALYSIS

### 1. TRANSCRIPTS IN MULTIPLE APPEALS

We initially note that the pleadings and orders pertinent to this appeal are contained in transcripts filed in three separate appeals from the same underlying case filed by Chelli in cases Nos. A-20-718, A-20-892, and A-21-052. Prior to January 1, 2022, Neb. Ct. R. App. P. § 2-104(D) (rev. 2008) stated that "[i]f a case has been appealed previously and a transcript filed in the appellate court in the earlier case, the transcript in the new appeal should contain only pleadings filed after the issuance of the mandate of this court in the prior case." Therefore, because of Chelli's multiple appeals, transcripts have been filed with pertinent documents spread among the three different appellate cases. We note that as of January 1, that rule has changed to now allow the electronic transcript in the new appeal to contain documents found in any transcript in the previous appeal.

In interwoven and interdependent cases, we may examine our own records and take judicial notice of the proceedings and judgment in a former action involving one of the parties. See *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020). We have further held that we may take judicial notice of a document, including briefs filed in an appeal, in a separate but related action concerning the same subject matter in the same court. *Id*. See, also, *Doerr v. Chaffee*, 29 Neb. App. 766, 960 N.W.2d 604 (2021) (transcript from summarily dismissed earlier appeal considered in subsequent appeal).

Accordingly, the pleadings and orders pertinent to this appeal as described in the background section are contained in the transcripts filed in cases Nos. A-20-718, A-20-892, and A-21-52, all of which stem from appeals filed by Chelli from the same underlying district court case.

### 2. BILL OF EXCEPTIONS

We also note that while the bill of exceptions for the hearings which took place on August 11 and 25, and December 17, 2020, provide us with a record of what took place during those hearings, as we indicated earlier, the exhibits referenced at the December 17 hearing on sanctions do not match up with the exhibits included in the bill of exceptions presently before this court. A

bill of exceptions is the only vehicle for bringing evidence before an appellate court, and evidence which is not made a part of the bill of exceptions may not be considered. *State v. Ferrin*, 305 Neb. 762, 942 N.W.2d 404 (2020). As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Id*.

In the absence of a bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). When a transcript, containing the pleadings and order in question, is sufficient to present the issue for appellate disposition, a bill of exceptions is unnecessary to preserve an alleged error of law regarding the proceedings under review. *Id*. If the pleadings are sufficient to support the judgment, it will be presumed on appeal that the evidence supports the trial court's orders and judgment. See *id*. See, also, *Ehlers v. Pound*, 176 Neb. 673, 126 N.W.2d 893 (1964) (in absence of bill of exceptions, it is presumed that issues of fact presented to trial court were correctly decided and only issue that is considered on appeal is sufficiency of pleadings to support judgment).

We conclude that the bill of exceptions from the August and December 2020 hearings, along with the transcripts, are sufficient for this court's disposition of Chelli's assigned errors.

### 3. ASSIGNED ERRORS

### (a) Assigned Errors With Insufficient Argument

Although we determined that we could consider Chelli's assigned errors despite her erroneous placement of them in the table of contents of her brief, we conclude that the argument section of her brief fails to properly address four of them. In those instances, Chelli makes conclusory assertions, cites to various legal propositions without providing any substantive application to the assigned errors, or makes assertions unrelated to the error assigned. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Seid v. Seid*, 310 Neb. 626, 967 N.W.2d 253 (2021). Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy the requirement that the party asserting the alleged error must both specifically assign and specifically argue it in the party's initial brief. *State v. Chase*, 310 Neb. 160, 964 N.W.2d 254 (2021). The following assigned errors are insufficiently argued in Chelli's initial brief.

### (i) Dismissal of Children From Lawsuit

In her claim that the district court erred in dismissing the minor children from her lawsuit, Chelli says only that the decision was "not supported by the records or the law." She then provides legal propositions related to jurisdiction, res judicata, and void judgments, without any further explanation. No coherent analytical argument was provided, and we therefore decline to address this assigned error.

### (ii) Issuance of Protective Order

Chelli assigns that the district court erred in issuing the protective order filed on September 22, 2020. She claims she is entitled by law to have her children's school records. She does not connect the protective order, which required maintaining confidentiality of certain information

once exchanged, to her right to have her children's school records. There being no coherent analytical argument, we decline to address this alleged error.

### (iii) Dismissing Case While Pending Appeal

Chelli assigns error to the district court's dismissal of the case "while pending appeal and unresolved matters before the court regarding jurisdiction and without giving [Chelli] an opportunity to be heard and to properly present her case." Brief for appellant at 18. She then argues that the school requested sanctions to which they were not entitled and the September 1, 2020, order continuing trial and deadlines "totally prejudice[d] and surprise[d] [her] . . . showing favor to [the school] that never provided [her] with the discoveries and documents that [she] requested and refused to do so which actions were preserved on the records." Brief for appellant at 19.

We observe that Chelli's premature appeal from the September 2020 orders was dismissed for lack of jurisdiction by this court on November 23, 2020. There being no coherent analytical argument related to the error assigned, we decline to further address this alleged error.

### (iv) Bill of Exceptions Not Provided to Chelli

Chelli assigns that she was not provided a copy of the bill of exceptions to properly prepare her brief. However, in the argument portion of her brief, she claims only that the "court was informed and aware of the status of the case and the incomplete records prior to reaching its decision." Brief for appellant at 19. She does not explain what she means by "incomplete records," nor how this applies to her preparation of her brief. Without further information and explanation, this court is unable to consider this assigned error further.

### (b) Assigned Errors

### (i) Granting School's Motion to Compel Discovery

Chelli argues that the school served their discovery on August 4, 2020, and therefore her responses were not due at the time they filed their motion to compel on August 24. She notes that she "firmly objected" to the school's motion to compel and asked the district court to grant her "motion to expedite to compel and to sanction the [school] for their failure to not provide [her] with [her] minor children['s] records" in response to her discovery requests served on July 9, 2020. Brief for appellant at 13. She claims the school never provided her with responses to her discovery requests "because they told the court that [the children] were not [her] children under their conclusions and offer hearsay arguments." *Id*. She suggests that the children's father and the school "conspire[d] with each other to violate the law and that is what brought [her] to this lawsuit." *Id*. She further contends that the children's father and the school would not provide her the children's records and they "cooperated with each other to denied [sic] me parenting time with my minor children to distance my minor children from me." *Id*.

Notably, other than indicating her belief that the motion to compel was premature, Chelli does not specifically argue why the trial court should not have granted the school's motion; rather, she focuses her argument more on her grievance that the school had not provided responses to her discovery, which we will address in the next section.

As for the district court's decision to grant the school's motion to compel, the record reflects that the school served discovery on Chelli on August 4, 2020, and on August 7, Chelli filed

an objection to all the discovery, in which she "firmly" objected and argued that the discovery requested was not timely and was "unfair, unjust, capriciously [sic], and is unjust and unfair to the process of justice." She indicated that she would have to "take extra extreme[] amount of time and extreme[] amount of money and lost [sic] of money to please [the school's] capriciously . . . ." The document appears to be missing a page since it ends with an incomplete sentence, but we note that the facsimile transmission data at the top of each page reflects that 5 out of 5 pages were transmitted.

In response to Chelli's objection to the school's discovery described above, on August 11, 2020, the school sent a "good faith discovery letter" to Chelli "requesting clarifications, supplements, and reasonings for [her] meritless objections." Upon receiving no response, the school filed its motion to compel on August 24. At the hearing which took place the following day, the district court asked Chelli why she was not addressing the present matters in "the other lawsuit" and indicated the court was going to confer with other judge "and if appropriate" would ask the other judge "to take this case and deal with it all" because it was "the same thing." The court expressed it did not "like the way things [were] being done" and was "not going to be a party to it and make a mess of [the] children's lives" by "dealing with issues relating to [the] children between two different judges who are looking at different things." The court then suggested it would confer with the other judge and that it was likely the case would be "consolidated with the pending paternity action" and all issues related to the children and the school would be dealt with by the other judge; "No end-runs here."

While it is true that no specific discussion took place during the hearing regarding Chelli's refusal to respond to the school's discovery requests, her basis for not responding to discovery was provided in several documents she filed: her August 7, 2020, objection in which she "firmly" objected to the school's discovery and argued that the discovery requested was not timely, was unjust, and would take an "extreme[]" amount of time and money; her August 11 motion for "expedite reliefs" and other matters claimed the school's request was "very late" and it would take her "lots of extra time out of work" and "lots of extra time and money"; and her August 25 motion to compel and objections wherein she noted her previous August 11 response and her explanation for not responding to the school's discovery, stating, "NO TIME TO ANSWER THEIR LATE REQUEST OF DISCOVERY REQUEST." Chelli's August 25 document further indicated that the school was requesting from her documents in the school's possession and was requesting from her "information and documents they are fully aware of and information and documents in violation of privacy laws." She asserted that she was objecting to the school's motion to compel "because it is made in bad faith" in that they were "not past-due" and the school was "not entitled to their bad faith request of discovery" under the rules of discovery.

The basis for Chelli's objection to the school's motion to compel discovery was reiterated throughout her multiple written objections and motions filed with the district court. It was evident that Chelli did not intend to respond to the school's discovery as set forth in her initial objection filed on August 7, 2020. Therefore, it was not premature for the school to file a motion to compel upon receiving Chelli's objection and following its unsuccessful attempt to resolve the matter through its "good faith discovery letter" letter sent to Chelli on August 11. We cannot say the court abused its discretion by entering an order on September 1, 2020, sustaining the school's motion to compel discovery without receiving additional argument from Chelli at the August 25 hearing. See

*Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017) (control of discovery is matter of judicial discretion, and decisions regarding discovery will be upheld on appeal in absence of abuse of discretion).

### (ii) Disregarding Chelli's Motion to Compel

On August 25, 2020, just prior to the hearing scheduled to take place on the school's motion to compel discovery, Chelli filed a "Motion to Compel and Supporting Affidavit and Objections." In that document, she represented that she had served discovery on the school on July 9, and that on August 6, the school responded with "their objections and their refusal to answer and produce documents that legally belongs to [Chelli]." While Chelli requested an order compelling the school to comply with her discovery requests, there is no indication that she scheduled the matter for hearing, nor that she offered any evidence to support the school's refusal to comply. At the hearing, when given an opportunity to speak to matters before the district court that day, Chelli stated that her issues with the school were that "they were not allowing [her] to exercise [her] parenting time," "they withhold [her] children and their properties through [her] parenting time," and they denied her "access to activities where all the other parents were involved." When the court interrupted Chelli to redirect matters to issues pending before the court, Chelli indicated that she filed a motion to compel the school to answer discovery she had served on it. She stated, "According to the rules, I'm not in default yet, but they are way past due and in default and are denying me basic documents of the children."

The district court then proceeded to discuss the requested protective order requested by the school, and the school informed the court it had "no problem giving over information" to Chelli. The school added: "We have told her this on several occasions. . . . Yet she filed this lawsuit. We are worried about her actions." The court advised Chelli that the school was "going to have to provide [her] with the responses to her discovery requests," but inquired whether Chelli had any problem keeping the information provided by the school confidential. When Chelli agreed she would keep the information confidential, the court indicated it would issue the protective order.

On appeal, Chelli claims the district court erred in disregarding her motion to compel and for sanctions. However, according to Chelli's own document filed on August 6, 2020, the school responded with "their objections and their refusal to answer and produce documents that legally belongs [sic] to [Chelli]." While the record on appeal does not provide us with the school's responses to Chelli's discovery requests, it does contain the school's August 6 motion for protective order, in which the school represented that confidential information would be requested and produced in the course of discovery. The school requested a protective order "in the interests of justice."

Given the record before us, it appears the school may have been delaying turning over documents to Chelli until a protective order was entered due to the confidential nature of some information anticipated to be exchanged in the course of discovery. This is certainly permitted under Neb. Ct. R. Disc. 6-326(c) (rev. 2008), which provides for protective orders. This issue was taken up by the district court at the August 25, 2020, hearing, during which Chelli was informed by the court that the school would be turning over its responses to her discovery and it would be entering a protective order to keep certain information confidential. Based on the discussion that took place during the August 25 hearing, it appears the court was satisfied as to the school's request

for a protective order before turning certain discovery over to Chelli. Although the court did not enter a written order, it implicitly denied Chelli's motion to compel during its discussion of the protective order. We cannot say the district court abused its discretion by declining to enter an order at that point in time compelling discovery responses from the school based on its decision to grant the protective order.

### (iii) Granting School's Motion to Continue Discovery Deadlines

At the August 25, 2020, hearing, the school indicated there was a motion pending seeking to continue discovery deadlines because the school's prior counsel had withdrawn "about a month ago." On September 1, the district court entered an order granting the school's motion to continue trial "in its entirety and all trial and pretrial deadlines shall be continued" for 120 days from entry of the order. On September 22, the court also entered the protective order.

Chelli claims the September 1 and 22, 2020, orders "were a surprise, without notice on the records to [her] and without a hearing." Brief for appellant at 15. However, the school's request for a continuance of discovery deadlines was discussed at the August 25, 2020, hearing, as was the protective order; an opportunity to be heard was available to Chelli at that time. She also contends that the school was "fully aware" of the deadlines when they hired a new lawyer and there was no reason to delay delivering her children's school records to her. *Id*. However, as previously stated, matters related to discovery are left to the discretion of the trial court and we find no abuse of discretion in the district court's decision to continue deadlines. See *Putnam v. Scherbring, supra*.

### (iv) Dismissing Case With Prejudice

The record reflects that the school served discovery requests on Chelli on or about August 4, 2020. As described previously, Chelli objected and refused to produce responses to the school's discovery requests through documents she filed on August 7, 11, and 25. The school filed a motion to compel on August 24 and a hearing took place the next day. On September 1, the district court entered an order granting the school's motion to compel and ordering Chelli to "fully and properly" respond to the school's discovery within 20 days. Chelli did not comply as ordered, and on September 25, the school filed a motion for sanctions requesting an order for dismissal and for sanctions against Chelli for failure to comply with the September 1 order related to discovery. A hearing took place on December 17, during which the district court concluded that Chelli's action was "completely frivolous" and Chelli's "failure to respond appropriately is totally unacceptable." As a sanction, the court dismissed Chelli's action with prejudice.

Chelli assigns error to the district court's dismissal of her case with prejudice. She claims the district court was supposed to "further investigate regarding jurisdiction questions, there was not a hearing to announce or conclude such important question or to give [Chelli] an opportunity to be heard to obtain reliefs to obtain [her] minor children['s] school records and production of documents and interrogatories that [she] requested." Her argument is that "[t]here is no proper protection under the law where citizen rights are violate [sic] against the vulnerable minr [sic] children and denied to a self-litigant." Brief for appellant at 20.

Although again there is no coherent analytical argument made by Chelli to support the alleged error, we nevertheless address the district court's dismissal of the case as a discovery sanction given its severity.

As pointed out in the school's brief, the failure to comply with court-ordered discovery and the applicable sanctions are governed by Neb. Ct. R. Disc. § 6-337 (rev. 2008). If the parties fall short of their discovery obligations, § 6-337 allows the court to sanction them. See *Hill v. Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016). When a party "fails to obey an order to provide or permit discovery," a court in which the action is pending "may make such orders in regard to the failure as are just." Neb. Ct. R. Disc. § 6-337(b)(2). This includes "[a]n order striking out pleadings . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Neb. Ct. R. Disc. § 6-337(b)(2)(C).

The Nebraska Supreme Court has held that a party's failure to answer properly served interrogatories or to seasonably supplement discovery responses may be grounds for sanctions imposed under § 6-337. See *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021). Neb. Ct. R. Disc. § 6-337(a)(3) provides that an evasive or incomplete answer "is to be treated as a failure to answer."

Sanctions under § 6-337 exist not only to punish those whose conduct warrants a sanction, but also to deter those, whether a litigant or counsel, who might be inclined or tempted to frustrate the discovery process by their ignorance, neglect, indifference, arrogance, or sharp practice adversely affecting a fair determination of a litigant's rights or liabilities. *Eletech, Inc. v. Conveyance Consulting Group, supra*. An appropriate sanction under § 6-337 is determined in the factual context of a particular case and is initially left to the discretion of the trial court, whose ruling on a request for sanction or a sanction imposed will be upheld in the absence of an abuse of discretion. *Eletech, Inc. v. Conveyance Consulting Group, supra*.

In determining whether a sanction under § 6-337 is appropriate, relevant factors include the prejudice or unfair surprise suffered by the party seeking sanctions, the importance of the evidence which is the root of the misconduct, whether the court considered less drastic sanctions, the sanctioned party's history of discovery abuse, and whether the sanctioned party acted willfully or in bad faith. *Eletech, Inc. v. Conveyance Consulting Group, supra*. Dismissal may be an appropriate sanction under § 6-337 for an "inexcusably recalcitrant" party. *Eletech, Inc. v. Conveyance Consulting Group, supra*.

The record demonstrates that at the August 25, 2020, hearing, the district court was not pleased with what it suspected was Chelli's attempt to raise matters related to the school in the present action when such matters should have been addressed in the already pending paternity action before a different district court judge. A week later, on September 1, the court ordered Chelli to "fully and properly" respond to the school's discovery requests. By September 25, Chelli had not responded and the school filed its motion for sanctions, which included a request for an order for dismissal and for sanctions against Chelli. On multiple occasions in August 2020, Chelli maintained her objection and refusal to respond to the school's discovery, and despite the court's September 1 order, she continued to be noncompliant.

During the December 17, 2020, hearing on the school's motion for sanctions, Chelli offered exhibit 6 (fax transmission verification report dated August 25, 2020), and exhibits 9 and 10, which were copies of two separate notices for status conferences scheduled before the district court.

Chelli attempted to offer exhibits 7 and 8, which were email communications between Chelli and the school regarding matters related to the children. The court sustained the school's objection to exhibits 7 and 8 on the basis that the exhibits were outside the scope of the motion for sanctions. Chelli argued that she did not know about any order that would have come after the August 25 hearing. She stated: "And my thought was that we postpone everything until my trial was done between the court to find the statutes [sic] of the issues in this case regarding the legal custody of the children." She was therefore "surprised when orders came down" and status hearings were "suspended" and "postponed for today." Chelli claimed she thought "everything was continued until we can figure out the status of my custody with [the other judge]." Chelli further claimed that the "discoveries that [the school was] requiring and stuff like that, they are fully aware of all this." She further pointed out that the school "did not answer [her] discoveries."

Clearly, Chelli had no intention of responding to the school's discovery requests based upon her repeated assertions that the school already had the information they were requesting or that the information was otherwise private or too time consuming or too costly for her to answer. There is nothing in the record before us to indicate that Chelli made any effort whatsoever to try to comply with the district court's September 1, 2020, order directing her to "fully and properly" respond to the school's discovery within 20 days. From the time the school filed its motion for sanctions on September 25 until the hearing on December 17, Chelli had notice that the school was seeking an order for dismissal and for sanctions based upon her noncompliance with the court's September 1 order. Rather than making some effort to comply, Chelli remained focused instead on asserting claims against the school for actions which Chelli perceived as a violation of her rights as a mother.

However, this court's focus is only on whether the district court abused its discretion by imposing the severe sanction of dismissing Chelli's case due to her noncompliance with its September 1, 2020, order. We conclude that none of Chelli's reasons in defense of her unwillingness to comply with the court's discovery order excuse her noncompliance. Even on appeal, Chelli's focus is not on the nature of the discovery requested itself; rather, she continues to argue about how her rights as a parent have been violated. Although dismissal is a harsh sanction, we cannot say the district court abused its discretion by dismissing Chelli's action as a sanction for her noncompliance in responding to discovery under the circumstances presented in this case. See *Eletech, Inc. v. Conveyance Consulting Group, supra* (dismissal may be appropriate sanction under § 6-337 for inexcusably recalcitrant party).

## VI. CONCLUSION

Finding no abuse of discretion in the district court's decision to dismiss Chelli's action as a discovery sanction, we affirm the district court's December 18, 2020, order.

AFFIRMED.