IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

WASCHINEK V. HUBSCHMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

TERRY WASCHINEK AND GENERAL EQUIPMENT SALES INC., A NEBRASKA CORPORATION,
APPELLANTS AND CROSS-APPELLEES,

V.

TIMOTHY HUBSCHMAN, APPELLEE AND CROSS-APPELLANT.

Filed June 14, 2022.    No. A-21-786.

Appeal from the District Court for Douglas County: JAMES M. MASTELLER, Judge. Affirmed.

W. Randall Paragas, of Paragas Law Offices, for appellants.

Diana J. Vogt, of Sherrets Bruno & Vogt, L.L.C., for appellee.

MOORE, RIEDMANN, and ARTERBURN, Judges.

MOORE, Judge.

INTRODUCTION

Terry Waschinek and General Equipment Sales, Inc. (General Equipment), a Nebraska Corporation, (collectively Waschinek) filed suit in the district court for Douglas County against Timothy Hubschman. Waschinek appeals from the order of the district court dismissing the complaint both for failure to prosecute and as a discovery sanction. Hubschman cross-appeals, assigning error to the court's failure to award him attorney fees. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

Although the transcript filed on appeal in this case is voluminous, the only orders contained therein are the district court's orders dismissing Waschinek's complaint and Hubschman's

- 1 -

counterclaims. Likewise, the transcript does not contain all of the many motions filed by the parties. In the court's order dismissing Waschinek's complaint, the court stated that "[i]n order to accurately relate the case's tortuous procedural history," it was taking judicial notice of "all filings in this case." The court then proceeded to give a detailed recitation of the nearly 6 year procedural history of the case up to that point. The following procedural history incorporates the court's recitation, as well as the affidavit of Hubschman's attorney received in evidence at the hearing on his final motion to dismiss.

On November 4, 2015, Waschinek filed a complaint in the district court, setting forth multiple causes of action against Hubschman arising out of their ownership interests in General Equipment. Hubschman's initial answer and counterclaim are not included in the record on appeal.

Hubschman served discovery requests on Waschinek on December 4, 2015, one month after Waschinek's complaint was filed. On January 6, 2016, Waschinek responded to Hubschman's first request for admissions but did not respond to the first set of interrogatories or first request for production of documents. On March 9, 2016, Hubschman filed a motion to compel, asking the district court to enter an order compelling Waschinek's responses to Hubschman's first set of interrogatories and request for production of documents, served on December 4, 2015. Shortly thereafter, Waschinek filed responses to these discovery requests.

On May 23, 2016, Hubschman filed a motion seeking to amend his answer and counterclaim and a motion to disqualify the law firm then representing Waschinek. Hearings on all of Hubschman's motions were scheduled for June 9. Waschinek subsequently filed motions seeking to continue the hearing on Hubschman's pending motions and then filed an amended notice of hearing indicating that all motions previously scheduled for hearing on June 9 were reset for hearing on June 28.

On June 21, 2016, Hubschman filed an amended motion to compel, asking the district court to enter (1) an order finding that any objections in the responses to requests for production of documents and interrogatories were waived because the objections were not made within the time specified in the Nebraska discovery rules; (2) an order directing Waschinek to fully respond to specified interrogatories; (3) an order directing Waschinek to provide all documents requested in response to specified requests for production; and (4) an order awarding Hubschman his fees and costs incurred in bringing the motion. Waschinek filed his first supplemental responses to Hubschman's discovery requests 2 days later, however, according to Hubschman's attorney, these supplemental responses were deficient.

Hubschman rescheduled the hearing on his pending motions to July 20, 2016. The district court granted Hubschman's motion to amend his answer and counterclaim and specified that the amended motion to compel was "held in abeyance" and the motion to disqualify would "be set for evidentiary hearing." Thereafter, Hubschman filed an amended answer and counterclaim, and Waschinek filed an answer to the counterclaim. In November, Waschinek's counsel filed a withdrawal notice, indicating that Waschinek would be seeking new counsel, which action "apparently mooted Hubschman's pending [m]otion to [d]isqualify." Waschinek's new attorney entered his appearance on April 3, 2017, and we note that he continues to represent Waschinek on appeal.

The district court entered a proposed scheduling order on May 19, 2017, which was also signed by the parties' attorneys, and specified that the parties had agreed that the deadline to

"complete fact discovery" was February 2, 2018, and that they "must be prepared for trial by not later than June 1." In June 2018, the court filed a pretrial order scheduling the jury trial to begin on September 10. However, the judge originally assigned to the case died in August, and the parties jointly sought a continuance of the scheduled trial date. Thereafter, the case was reassigned to a different judge, a pretrial conference was scheduled for January 9, 2019, and trial was rescheduled to begin on February 4.

Hubschman filed a motion to dismiss on January 8, 2019, and an amended motion to dismiss on January 10, seeking dismissal of Waschinek's complaint for failure to respond to discovery and failure to comply with the district court's scheduling order. In his amended motion, Hubschman alleged (1) the suit was filed in November 2015 and Waschinek had failed to file an answer to Hubschman's amended answer and counterclaim filed in August 2016; (2) Waschinek had failed to provide supplemental discovery responses despite multiple requests; (3) the case had been on file without any active prosecution on the merits for more than 3 years; and (4) it was unfair to Hubschman to have the case remain on file without prosecution. Hubschman asked the court to dismiss the matter with prejudice.

On January 10, 2019, Hubschman also filed his second amended motion to compel, in which he again requested orders from the district court finding that any objections in the responses to requests for production of documents and interrogatories were waived due to their untimeliness, directing Waschinek to fully respond to certain interrogatories and to provide all documents requested in response to certain requests for production, and awarding attorney fees and costs to Hubschman.

An evidentiary hearing on Hubschman's second amended motion to compel and motion to dismiss was held before the district court on February 15, 2019. By that point, the jury trial had been rescheduled to March 11, and at the conclusion of the hearing, the court granted an oral motion made by Waschinek's attorney to continue the jury trial date to September 9. In its order of March 1, the court denied Hubschman's motion to dismiss but granted his second amended motion to compel, giving Waschinek 30 days to respond to Hubschman's discovery requests.

On May 15, 2019, Hubschman filed a motion seeking sanctions for Waschinek's failure to comply with the district court's order compelling supplemental discovery responses. In the motion for sanctions, Hubschman noted that the case had been filed in November 2015, and referenced the February 2019 hearing and the court's rulings on Hubschman's motions to dismiss and to compel, including the order directing Waschinek's attorney to respond to discovery requests within 30 days. Hubschman outlined the parties' communications about discovery in March and April and stated that as of the date of his motion for sanctions, Waschinek had "failed and refused" to provide supplemental discovery as ordered by the court. As a sanction, Hubschman asked the court to dismiss the case. According to the affidavit of Hubschman's attorney, Waschinek filed his second supplemental responses to Hubschman's discovery requests on June 13, but these responses were still deficient.

Although a hearing on Hubschman's motion for sanctions was scheduled for June 14, 2019, there was no order filed reflecting whether a hearing on the motion was actually held on that date.

On July 24, 2019, Hubschman served additional discovery requests on Waschinek (a second set of interrogatories, document requests, and requests for admissions). According to Hubschman's attorney, Waschinek failed to provide answers to Hubschman's second set of

interrogatories; responses to the other components of the July 2019 discovery requests were provided as indicated below.

In August 2019, Hubschman filed a motion to continue the September 9 jury trial date because of "an issue with [his] counsel's health," and the district court sustained the motion over objection by Waschinek and reset the jury trial for March 9, 2020.

Waschinek filed responses to Hubschman's July 2019 requests for admissions on December 10.

On January 29, 2020, Hubschman filed a motion to compel and for sanctions, requesting that the district court enter an order compelling Waschinek's responses to Hubschman's second set of interrogatories and request for production of documents, served in July 2019. Hubschman also asked the court to dismiss the case as a sanction for Waschinek's failure "to respond or object to the Interrogatories and Requests for Production of Documents that were served on July 24, 2019."

On February 12, 2020, the district court sustained a motion to continue trial filed by Hubschman in January "because [Hubschman] has a conflict that cannot be changed." The court ordered Waschinek to provide the requested discovery responses within 7 days, and on February 13, it filed a pretrial order resetting the jury trial to begin on December 9.

On May 21, 2020, Hubschman filed a motion for sanctions, alleging that as of May 19, Waschinek had not complied with the district court's February 12 order to respond to discovery within 7 days and asking the court to dismiss the case. Hubschman withdrew that motion on July 7, but on July 14, filed yet another motion for sanctions. In the July 14 motion for sanctions, Hubschman outlined relevant events occurring since the court's February 12 order, including Waschinek's failure to provide discovery responses within 7 days of that order and Hubschman's subsequent agreement to withdraw the May 21 motion for sanctions if Waschinek provided documents by July 13. Hubschman alleged that no documents were provided, that he could not take depositions due to Waschinek's failure to respond to discovery dating from July 2019, and that Waschinek's failure to respond to discovery was a continuation of the "longstanding failure to prosecute this case." As a sanction, Hubschman asked the court to dismiss the case, or alternatively, grant him leave to file a second amended answer and counterclaim.

On August 6, 2020, the district court heard Hubschman's July 14 motion for sanctions. In addition to hearing argument, the court received an affidavit from Hubschman's attorney, outlining the discovery proceedings in this case and communications between herself and Waschinek's attorney, and to which various supporting documents were attached. At the end of the hearing, the court announced its rulings from the bench. The court declined to dismiss Waschinek's complaint as a sanction, but it entered a sanction of $500 against Waschinek's counsel to be paid to the law firm representing Hubschman. The court also granted Hubschman leave to file a second amended answer and counterclaim, which Hubschman did on August 24. The discussion at the hearing reflects that Waschinek's attorney was to draft the order reflecting these rulings and submit it to Hubschman's attorney for review before submitting it to the court. An order reflecting these rulings was not signed by the court until November 10. The final matter addressed at the August 2020 hearing was the upcoming trial date of December 9. The court stated that "[d]ue to the pandemic, all the civil cases, since we've restarted the jury trial[s], have been continued" and that based on the pandemic-related scheduling for criminal jury trials, a new date would need to be selected in

this case. After further discussion between the parties and the court, they settled on a trial date of May 3, 2021. The court entered a pretrial order scheduling trial for that date. It entered a subsequent pretrial order in February 2021, resetting the jury trial to begin on August 16.

On April 29, 2021, Hubschman filed a verified application for contempt, outlining the history of the discovery process in this case to that point and Waschinek's failures to comply. Specifically, as relating to matters occurring since the August 2020 hearing and the district court's rulings made at that time, Hubschman alleged that Waschinek's attorney did not prepare the draft order as directed by the court, that Hubschman's attorney eventually prepared the draft order herself in November, and that it was the draft order she prepared that was then signed by the court. Hubschman further alleged that Waschinek's attorney had not paid the $500 sanction as directed by the court at the August 2020 hearing. Finally, she alleged that as of April 2021, Waschinek had failed to provide written responses to interrogatories and document requests served in July 2019, and that the responses that had been provided were inadequate in various regards. Hubschman asked the court to issue an order to show cause why Waschinek and his attorney should not be held in contempt and asked the court to dismiss Waschinek's complaint as a sanction if the court found Waschinek and his counsel to be in contempt.

On April 29, 2021, the district court ordered Waschinek and his attorney to appear in court on May 28 to show cause why they "should not be held in contempt of this Court for failure to abide by multiple prior orders compelling discovery and an order imposing a sanction in the above-entitled matter." Waschinek did not appear for the hearing, but his attorney did appear, explaining that he had been with Waschinek that morning, had not read the show cause order closely, and offered to produce Waschinek for the court "at a moment's notice." The court received into evidence an affidavit of Hubschman's attorney and discussed various issues with the parties' attorneys, including whether dismissal of an action was a sanction permissible for a civil contempt. The court continued the show cause hearing to June 28 and ordered Waschinek and his attorney to appear at the continued hearing. The court's continuation of the show cause hearing was without prejudice to Hubschman "seeking sanctions on any other appropriate basis."

On May 28, 2021, Waschinek filed responses to Hubschman's July 2019 request for production of documents, but according to Hubschman's attorney, the responses to the second request for production were deficient.

On June 22, 2021, Hubschman filed a motion to dismiss for failure to prosecute and failure to timely comply with discovery, citing Neb. Ct. R. Disc. § 6-337 and the court's "inherent power to control its own docket." Hubschman detailed the history of the discovery proceedings in this case and Waschinek's failures to comply with discovery. Hubschman asked the court to dismiss the complaint "[b]ecause of the minimal effort [Waschinek has] put into pursuing this suit and [Waschinek's] continued refusal to provide discovery" as a discovery sanction and under the court's inherent powers for failure to prosecute. Hubschman also asked for an award of attorney fees and costs, stating that fees at that point exceeded $15,000 and that the exact amount of fees with supporting documentation would be offered at the hearing, which hearing was scheduled for June 28 to coincide with the previously scheduled show cause hearing.

Both Waschinek and his attorney appeared for the June 28, 2021, hearing. By agreement of counsel, the district court found Hubschman's verified application for contempt to be moot and vacated the court's previously issued order to show cause. During the discussion establishing the

mootness of the contempt application, Hubschman's attorney represented that Waschinek's attorney paid the outstanding sanction following the previous hearing (her affidavit received later in the hearing indicated that Waschinek's attorney paid the sanction levied in August 2020 on June 11, 2021). The hearing then proceeded with evidence and argument relating to Hubschman's June 2021 motion to dismiss. The court received into evidence affidavits from the parties' attorneys, and their briefs to the court were also made part of the record. The affidavit from Hubschman's attorney included the discovery timeline, details of Hubschman's failures to comply with discovery, with supporting documentation relating to discovery, as well as an itemized statement of attorney fees totaling $19,511.52 and costs totaling $248.13.

On August 29, 2021, the district court entered an order ruling on Hubschman's motion to dismiss. As noted at the outset of this opinion, the court set forth a detailed recitation of the procedural history of this case before setting forth its analysis of the dismissal issues. With respect to the affidavits received at the June 28 hearing, the court noted that it credited the testimony contained in the affidavit of Hubschman's attorney over the testimony contained in the affidavit of Waschinek's attorney to the extent that the testimonies were in conflict. The court granted Hubschman's motion to dismiss for failure to prosecute, dismissing Waschinek's complaint on that basis without prejudice. The court also granted the motion to dismiss for failure to timely comply with discovery, dismissing Waschinek's complaint on that basis with prejudice as a discovery sanction. The court overruled the motion to dismiss as to Hubschman's request for attorney fees and costs. We discuss the court's analysis of these issues as necessary below.

Following entry of the district court's order dismissing Waschinek's complaint, Hubschman filed a voluntary motion to dismiss his counterclaims with prejudice, which the court granted on September 7.

ASSIGNMENTS OF ERROR

Our rules of appellate practice require that the appellant's initial brief include, in order, a title page, table of contents, statement of the basis of appellate jurisdiction, statement of the case, statement of error or errors allegedly made by the trial court, propositions of law, statement of facts annotated to the record, summary of argument, and argument. Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2022). Waschinek's brief does not contain a statement of appellate jurisdiction, propositions of law, or statement of facts. His brief does include a statement of the case, but it does not include the required components, and although his brief includes a "QUESTION PRESENTED FOR REVIEW," it does not appear in the correct location and does not set forth a "separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error" as required. § 2-109(D)(1)(e). Rather, it poses a hypothetical question of whether it is appropriate for a trial court to dismiss a case as a discovery sanction under certain circumstances. In fact, nowhere in Waschinek's brief does he specify what ruling was actually made by the district court which he believes was in error. His entire brief, aside from a few cosmetic changes, is largely identical to his trial court brief that was made a part of the record at the June 2021 hearing on Hubschman's motion to dismiss, rather than being a brief specifically directed to this court on appeal.

The assignments of error section is one of the most critical sections of an appellant's or cross-appellant's brief. *In re Interest of A.A. et al.*, 310 Neb. 679, 968 N.W.2d 607 (2022). It gives

the opposing party notice of what alleged errors to respond to and advises the appellate court of what allegations of error by the trial court it has been called upon to address. *Id.* Where a brief of a party fails to comply with the mandate of § 2-109(D)(1)(e), an appellate court may proceed as though the party failed to file a brief or, alternatively, may examine the proceedings for plain error. *Swicord v. Police Standards Advisory Council*, 309 Neb. 43, 958 N.W.2d 388 (2021). We have elected to review Waschinek's appeal for plain error.

On cross-appeal, Hubschman asserts that the district court erred in failing to award attorney fees and costs to him.

STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id.*

Determination of an appropriate sanction for failure to comply with a proper discovery order initially rests with the discretion of the trial court, and its rulings on appropriate sanctions will not be disturbed on appeal absent a showing of an abuse of that discretion. *In re Estate of Graham*, 301 Neb. 594, 919 N.W.2d 714 (2018). A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Schmid v. Simmons*, 311 Neb. 48, 970 N.W.2d 735 (2022).

ANALYSIS

*Dismissal of Waschinek's Complaint.*

The district court dismissed Waschinek's complaint for failure to prosecute the action and as a sanction for failure to timely comply with discovery. Because we find no plain error in the court's dismissal as a discovery sanction, we need not address the court's dismissal on the additional ground of failure to prosecute. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022).

The failure to comply with court-ordered discovery and the applicable sanctions are governed by § 6-337. See *Hill v. Tevogt*, 293 Neb. 429, 879 N.W.2d 369 (2016) (if parties fall short of their discovery obligations, § 6-337 allows court to sanction them). When a party "fails to obey an order to provide or permit discovery," a court in which the action is pending "may make such orders in regard to the failure as are just," which includes "[a]n order striking out pleadings . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." § 6-337(b)(2)(C).

The Nebraska Supreme Court has held that a party's failure to answer properly served interrogatories or to seasonably supplement discovery responses may be grounds for sanctions imposed under § 6-337. *Eletech, Inc. v. Conveyance Consulting Group*, 308 Neb. 733, 956 N.W.2d 692 (2021). Section 6-337(a)(3) provides that an evasive or incomplete answer "is to be treated as a failure to answer."

"Rule 37 sanctions serve several purposes. First, they punish a litigant or counsel who might be inclined to frustrate the discovery process. Second, they deter those who are tempted to

break the rules. Finally, they prevent parties who have failed to meet their discovery obligations from profiting from their misconduct." *Hill v. Tevogt*, 293 Neb. at 436, 879 N.W.2d at 374 (citations omitted).

The appropriate sanction under § 6-337 depends on the facts. *Hill v. Tevogt, supra*. In determining whether a sanction under § 6-337 is appropriate, relevant factors include the prejudice or unfair surprise suffered by the party seeking sanctions, the importance of the evidence which is the root of the misconduct, whether the court considered less drastic sanctions, the sanctioned party's history of discovery abuse, and whether the sanctioned party acted willfully or in bad faith. *Eletech, Inc. v. Conveyance Consulting Group, supra*. Dismissal may be an appropriate sanction under § 6-337 for an inexcusably recalcitrant party. *Eletech, Inc. v. Conveyance Consulting Group, supra*.

In its order dismissing this case, district court found that:

[Waschinek] ha[s] repeatedly failed to participate in meaningful discovery and ha[s] continually failed to provide timely, complete, and unevasive answers to discovery, thereby forcing [Hubschman] to file repeated motions to compel discovery. Furthermore, [Waschinek] ha[s] failed to fully comply with this Court's orders compelling discovery. This Court has considered, and previously imposed, less drastic sanctions resulting from [Waschinek's] failure to comply with discovery (e.g., a $500 sanction on [Waschinek's] counsel). [Waschinek was] on notice, since early 2019, that [his] Complaint could potentially be dismissed as a sanction for [his] discovery violations. The sanction that this Court now imposes is a direct result of [Waschinek's] repeated failure to provide full and complete discovery responses, even after this Court had sustained previous Motions to compel and for sanctions against [Waschinek]. Based upon the evidence before the Court, the Court finds the [Waschinek] ha[s] become [an] 'inexcusably recalcitrant' part[y].

Waschinek argues that dismissal of the complaint was not an appropriate discovery sanction based on the "perceived insufficient discovery" in this case, as opposed to a failure to provide any discovery at all. Brief for appellant at 8. He also argues that the circumstances do not reflect inexcusable recalcitrance on his part. Finally, he references the "one-in-a-million facts" of this case, including death of the original trial judge, withdrawal of Waschinek's original attorney, health issues of Hubschman's attorney, and the COVID-19 pandemic. Brief for appellant at 10. The district court discussed these particular factors in its analysis of dismissal for failure to prosecute, recognizing that these circumstances caused "some minor delays in the progression of the case," but the court "was not persuaded that the combination of these circumstances prevented [Waschinek] from prosecuting this matter over a span of 5½ years." Rather, the court found that "the 'lion's share' of the delays in this case are attributable to [Waschinek's] repeated failure to provide Hubschman with discovery to which he was entitled" and that "[Waschinek's] own failures and delays resulted in [his] noncompliance." In that portion of its analysis, the court also noted the "inexplicable" fact that no depositions had been taken in this case as of the June 2021 hearing on Hubschman's motion to dismiss when Waschinek's attorney advised the court that he would still need to take Hubschman's deposition prior to trial. The court also noted that pursuant to its proposed scheduling order of May 2017, the parties had agreed that the deadline to complete fact discovery was February 2, 2018.

Having reviewed the record in this case for plain error, we find none. Under the facts of this case, dismissal of Waschinek's complaint with prejudice was an appropriate sanction under § 6-337.

*Failure to Award Attorney Fees to Hubschman.*

On cross-appeal, Hubschman asserts that the district court erred in failing to award attorney fees and costs to him. In his motion to dismiss, Hubschman asked the court to exercise its discretion under § 6-337 and enter sanctions against Waschinek for failure to respond to discovery by dismissing the case; to dismiss under the court's inherent powers for failure to prosecute; and to pay Hubschman's attorney fees and costs for the preparation of documents seeking to compel discovery and time discussing that issue with Waschinek's attorney. The court granted dismissal of Waschinek's complaint on both of the requested grounds, but it denied the request for attorney fees without further explanation.

We note that during the May 2021 show cause hearing, the district court requested that Hubschman's attorney provide certain information for the continued hearing date, including information about attorney fees. Specifically, the court stated:

> I would want to have information regarding attorney's fees, because it does sound like some type of sanction is appropriate. I just don't know if it -- I mean, it may very well be dismissal.
>
> If not dismissal, it's going to be a substantial monetary penalty, because . . . I'm sure [Hubschman] has incurred substantial attorney expenses in trying to get the discovery to which [he's] entitled.

In her affidavit received into evidence at the June 2021 hearing on the motion to dismiss, Hubschman's attorney stated that following preparation of materials for the hearing, Hubschman had incurred legal fees of $19,511.52 and $248.13 in expenses. She attached a spreadsheet showing the attorney fees incurred prior to the hearing (spreadsheet reflects entries between June 21, 2016, and June 23, 2021). Another attachment to her affidavit was a timeline showing "[t]he complete sequence of events" with items in bold type representing "matters dealing with discovery."

On appeal, Hubschman argues that an award of attorney fees was appropriate under § 6-337(a)(4), which allows for a party to apply for an order compelling discovery, and if the motion is granted,

> the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Although Hubschman filed multiple motions seeking to compel Waschinek to provide discovery answers and/or produce documents, the district court provided the ultimate relief of dismissal of Waschinek's complaint with prejudice as opposed to a monetary penalty. Under these circumstances, we cannot say that the district court erred in failing to award fees.

Hubschman also argues that support for an award of attorney fees in this case can be found in Neb. Rev. Stat. § 25-824 (2) and (4) (Reissue 2016), which govern frivolous claims or defenses in civil proceedings. We note that § 25-824(4) authorizes a court to assess attorney's fees and costs if the court finds that a party

> brought or defended an action or any part of an action that was frivolous or that the action or any part of the action was interposed solely for delay or harassment. If the court finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct, including, but not limited to, abuses of civil discovery procedures, the court shall assess attorney's fees and costs.

Here, the district court imposed a sanction of dismissal rather than attorney fees and costs. Further, Hubschman did not allege § 25-824 as a basis for an award of attorney fees in his motion to dismiss, in his brief received at that the June 2021 hearing, or in argument before the district court at the hearing. And, any doubt whether a legal position is frivolous or taken in bad faith should be resolved for the party whose legal position is in question; sanctions should not be imposed except in the clearest cases. See *Klingelhoefer v. Monif*, 286 Neb. 675, 839 N.W.2d 247 (2013). Appellate courts do not generally consider arguments and theories raised for the first time on appeal. *Nebraska Republican Party v. Shively*, 311 Neb. 160, 971 N.W.2d 128 (2022). See, also, *de Vries v. L & L Custom Builders, Inc.*, 310 Neb. 543, 968 N.W.2d 64 (2021) (appellate court will not consider issue on appeal that was not presented to or passed upon by trial court). We decline to consider this portion of Hubschman's argument further.

## CONCLUSION

We find no plain error in the district court's dismissal of Waschinek's complaint as a sanction for failure to comply with discovery, and we affirm the court's dismissal of Waschinek's complaint. The court did not abuse its discretion in failing to award attorney fees to Hubschman, and we affirm that decision as well.

AFFIRMED.